**In re TOWLE, DENISON, SMITH & TAVERA, LLP, Edmund J. Towle, and Charles G. Smith, Petitioners.**

No. 720.

United States Court of Appeals, Federal Circuit.

Jan. 17, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

GAJARSA, Circuit Judge.

*ORDER*

Towle, Denison, Smith & Tavera, LLP et al. (Towle) petition for a writ of mandamus to direct the United States District Court for the Central District of California to (1) vacate its order and grant petitioners' motion to withdraw as counsel and (2)

stay the trial currently set for February 25, 2003. 3D Systems, Inc. opposes.

Towle moved to withdraw as counsel for Aaroflex, Inc. based on the grounds that Aaroflex's insurer would no longer fund Aaroflex's defense and Aaroflex, who opposed Towle's withdrawal, was unable to pay Towle's fees. The Magistrate Judge (hereafter the district court), denied Towle's motion to withdraw, explaining:

> You have my sympathy, but this is a risk that, you know, all of who have practiced law are aware of. And given where we are in the case, the late stage of the case, how long the case has been going on, the fact that you [Towle and co-counsel joining in the motion to withdraw] have been paid substantial sums for at least most of the work that you've performed up to this point, I feel that I have to deny the motion. I don't have the option of putting your client in the position of proceeding pro se. However unattractive that may be to the court, even that option isn't available to us here.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.*

Towle states that the issue presented in its petition is whether the district court abused its discretion in forcing Towle to continue its representation of Aaroflex through the impending trial. Thus, Towle concedes that the denial of a motion to withdraw lies squarely within the district court's discretion. *See Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982) ("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court ...."); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999) ("We review a district court's denial of a motion to withdraw only for abuse of discretion."); *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir.1986) (reviewing district court's refusal to grant law firm's motion to withdraw under abuse of discretion standard); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir.1985) (same, quoting *Washington*, 694 F.2d at 1087); *see generally*, 7 Am.Jur.2d *Attorneys At Law* § 188 (1997) ("The granting of leave to withdraw by the court is generally in the discretion of the court and depends upon such considerations as proximity of the trial date, length of time an action has been pending, and the possibility for the client to obtain other representation." (Footnote omitted.)).

Thus, pursuant to *Allied Chemical*, 449 U.S. at 35, where Towle is clearly challenging the district court's exercise of its discretion, it cannot show that its right to a particular result is clear and indisputable. Therefore, extraordinary relief is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.