

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Kenneth Snyder v. Tawoos Bazargani

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3435

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kenneth Snyder v. Tawoos Bazargani" (2009). *2009 Decisions*. Paper 1399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3435
_____

KENNETH SNYDER; JACQUELINE SNYDER

v.

TAWOOS BAZARGANI; PAUL BAGHERPOUR

TAWOOS BAZARGANI, M.D.,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-08845)
District Judge:  Honorable John P. Fullam

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MAY 1, 2009
Before:  FISHER, JORDAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 05, 2009)

OPINION
_____

PER CURIAM

　　Tawoos Bazargani, proceeding pro se, appeals from two post-judgment orders of

the District Court.[1]  For the reasons that follow, we will affirm the July 16, 2008 order of

---

[1]In her notice of appeal, Bazargani indicates that she is appealing from District Court's
July 16, 2008 order denying her motion for reconsideration of its July 2, 2008 order.

the District Court, and vacate its March 3, 2008 order and remand the matter for further proceedings.

In July 2005, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Bazargani was found to have violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951, et seq. Appellees Kenneth and Jacqueline Snyder were awarded $40,000 in compensatory damages from Bazargani and her co-defendant Paul Bagherpour, $30,000 in punitive damages from Bagherpour, and $20,000 in punitive damages from Bazargani. After Bazargani's motion for a new trial was denied, she appealed, and this Court affirmed the judgment of the District Court. See C.A. 05-4051 (3d Cir. June 22, 2007). On December 13, 2007, the District Court awarded Appellees $97,000 in attorney's fees and costs.

On May 8, 2008, Bazargani's South Philadelphia condominium unit was sold to Appellee Kenneth Snyder for $160,000 at a Marshal's sale. The District Court approved the sale and Appellees' proposed distribution of the proceeds of the sale by order dated May 30, 2008. Pursuant to the Court's order, the remaining balance of $52,276 after distribution was tendered to Bazargani via a check delivered to her by certified mail. On June 25, 2008, Appellant filed a document in the District Court entitled "Motion to Object

_____

However, in her informal brief, she also addresses the March 3, 2008 order of the District Court denying her November 7, 2007 motion for contribution from her co-defendant.

2

and Therefore, to Reject and Return the Plaintiffs' Attached Check." The copy of the motion served on Appellees' counsel included the original check tendered to Bazargani as her proceeds from the Marshal's sale. On the front and back sides of the check, Appellant wrote: "Not Legally Valid, Refused Tawoos Bazargani, M.D." In it, Bazargani argued that because the judgment could have been satisfied by the money in her bank account, the Marshal's sale was unnecessary and should be voided.

In its July 2, 2008 order denying the motion, the District Court explained that after receiving a judgment in their favor which was affirmed on appeal, Appellees attempted to satisfy the judgment from funds in Bazargani's bank account. When they were unable to do so, they levied upon certain real estate which she owned. Bazargani was notified in advance of the Marshal's sale and had the opportunity to participate in it but chose not to. Having received an amount from the sale in excess of the judgment, Appellees attempted to return the balance to Bazargani. As the District Court concluded: "The pending motion reflects Dr. Bazargani's continued belief that her rights have been trampled upon, but it is quite clear that she is in error. Since the judgment against her has been upheld by the Court of Appeals, since the Marshal's sale was properly held, and since all issues have been resolved by these previous proceedings, the case is over. The pending motion will therefore be denied." On July 14, 2008, Appellant filed a motion for reconsideration which the District Court denied on July 16, 2008. Appellant timely filed the instant appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Appellant's motion for reconsideration and her appeal from the District Court's denial of that motion were both timely filed, we review both the denial of the motion for reconsideration and the denial of the underlying June 25 motion objecting to the Marshal's sale. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1353 (3d Cir. 1990). Because the District Court's denial of Bazargani's motion for contribution did not become "final" for purposes of this appeal until the District Court had completely disposed of the matter of attorney's fees and satisfaction of the judgment, we retain jurisdiction over that order as well. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986).

In her brief, Bazargani principally argues that she did not receive a copy of Appellees' January 22, 2008 motion for disbursement of funds until February 8, 2008. She seems to claim that this delay prevented her from timely responding to Appellees' motion. However, the docket reflects that Bazargani did in fact object to Appellees' motion on February 14, 2008, and the District Court explicitly considered her objections in its order of February 28, 2008 granting Appellees' motion. Thus, it is unclear what the significance of Bazargani's objection is. Bazargani also argues that Appellees violated her due process rights by conducting a Marshal's sale of her property rather than collecting the money owed to them from her bank account. However, Bazargani was properly notified of the Marshal's sale, which was properly held in order to satisfy the judgment against her. See Fed. R. Civ. P. 69(a)(1). Accordingly, there is no basis on

4

which to set aside this order.

Finally, Bazargani appeals from the District Court's March 3, 2008 denial of her November 20, 2007 motion for contribution from her co-defendant Paul Bagherpour. The District Court failed to set forth any basis for its denial of Bazargani's motion. We have held that there is a right to contribution from joint tort-feasors under the Fair Housing Act. See Miller v. Apartments & Homes of New Jersey, Inc., 646 F.2d 101, 110 (3d Cir. 1981). Accordingly, we will vacate the order entered on March 3, 2008 and remand for further proceedings consistent with this opinion.

Based on the foregoing, we will affirm in part and vacate and remand in part.