BLD-041                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3765
_____

KENNETH SNYDER; JACQUELINE SNYDER

v.

TAWOOS BAZARGANI; PAUL BAGHERPOUR

TAWOOS BAZARGANI, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-08845)
District Judge:  Honorable John P. Fullam
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 01, 2010)

_____

OPINION
_____

PER CURIAM

　　Tawoos Bazargani, proceeding <u>pro</u> <u>se</u>, appeals from the District Court's denial of a

post-judgment motion filed upon remand to the District Court pursuant to our opinion in

Snyder v. Bazargani, C.A. No. 08-3435 (3d Cir. May 5, 2009). For the reasons that follow, we will summarily vacate the order of the District Court and remand the matter for further proceedings.

In July 2005, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Bazargani was found to have violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951, et seq. Appellees Kenneth and Jacqueline Snyder were awarded $40,000 in compensatory damages from Bazargani and her co-defendant Paul Bagherpour, $30,000 in punitive damages from Bagherpour, and $20,000 in punitive damages from Bazargani. After Bazargani's motion for a new trial was denied, she appealed, and this Court affirmed the judgment of the District Court. See C.A. 05-4051 (3d Cir. June 22, 2007). On December 13, 2007, the District Court awarded Appellees $97,000 in attorney's fees and costs.

On May 8, 2008, Bazargani's South Philadelphia condominium unit was sold to Appellee Kenneth Snyder for $160,000 at a Marshal's sale. The District Court approved the sale and Appellees' proposed distribution of the proceeds of the sale by order dated May 30, 2008. Pursuant to the Court's order, the remaining balance of $52,276 after distribution was tendered to Bazargani via a check delivered to her by certified mail. Bazargani strenuously objected to the means by which the judgment was satisfied.

Bazargani also filed a motion on November 20, 2007, seeking contribution from her co-defendant Paul Bagherpour. In response, Bagherpour filed a motion to strike. By order dated March 3, 2008, the District Court denied both motions without explanation. Bazargani appealed. Because the Court failed to set forth any basis for its denial of Bazargani's motion, we vacated the order and remanded for further proceedings, explaining that we have held that there is a right to contribution from joint tort-feasors under the Fair Housing Act. See Miller v. Apartments & Homes of New Jersey, Inc., 646 F.2d 101, 110 (3d Cir. 1981).

On remand, Bazargani filed a motion entitled "Defendant Tawoos Bazargani, M.D.'s Motion for Re-Proceeding of the Above Identified Claim Pursuant to the Order of May 5, 2009 of the United States Court of Appeal for the Third Circuit Where the Honorable Court Has Not Affirmed the Above Identified District Court's Rulings." In it, she again raised her contribution claim, and also generally attacked the proceedings leading up to satisfaction of the judgment against her. The District Court held that Bazargani had not sought contribution against Bagherpour on remand but, rather, that she had again attempted to litigate the propriety of the plaintiffs' methods of collecting the judgment against her. Because we had previously affirmed the District Court's order with respect to the collection methods undertaken by Appellees, the District Court denied Bazargani's "Motion for Re-Proceeding." After Bazargani unsuccessfully moved for

reconsideration, she timely filed a notice of appeal.[1]

We have jurisdiction over the District Court's August 11, 2010 Order pursuant to 28 U.S.C. § 1291. In our prior decision, we remanded to the District Court with instructions for the Court to set forth its basis for denying Bazargani's November 20, 2007 motion for contribution. On remand, the District Court failed to do so, instead explaining that Bazargani had not filed a motion for contribution. However, Bazargani did request contribution in her August 10, 2010 "Motion for Re-Proceeding," and also filed a separate "Motion for Contribution" on September 8, 2010. While her "Motion for Re-Proceeding" was not a model of clarity, it is well accepted that courts should liberally construe the filings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Additionally, Bazargani need not have filed a new motion at all, as we remanded for the District Court to act on her November 20, 2007 motion in the first instance. Because the District Court has not considered any of these requests or set forth its reasons for denying

---

[1] Bazargani also filed two motions in the District Court which remain outstanding: "Motion for Clarification of the Garnishees' Response to the Above Plaintiffs' Demand for Satisfaction of the Judgment of the Above Identified Claim" and "Motion for Contribution of the Share of Co-Defendant Paul Bagherpour of the Judgment of the Above Claim Pursuant to the Order of the Honorable Appellate Court for the Third Circuit." The fact that these motions remain outstanding does not affect our jurisdiction in this matter since the denial of post-judgment motions are separately appealable. See Pennsylvania v. Flaherty, 983 F.2d 1267, 1276 (3d Cir. 1993) ("Post-judgment orders are final for purposes of § 1291 and immediately appealable because the policy against piecemeal review is unlikely to be undermined.").

them, we will summarily vacate its order of August 11, 2010, and remand for further

proceedings consistent with this opinion.  <u>See</u> 3d Cir. LAR 27.4 & I.O.P. 10.6.