**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1401
_____

CARLOS ZUNIGA HERNANDEZ,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-00647)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2015
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: April 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

　　　Carlos Zuniga Hernandez, a federal prisoner, filed suit against the United States

under the Federal Tort Claims Act ("FTCA").  He alleged that correctional officers and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

prison officials did not properly respond to his complaints of physical and sexual assault by another inmate in January 2009, which led him to suffer injuries at that inmate's hands in a subsequent altercation. The United States sought summary judgment, asserting that Zuniga Hernandez's claims were barred by the discretionary function exception to the FTCA.

The District Court, adopting a Magistrate Judge's report and recommendation over Zuniga Hernandez's objections, granted the United States' motion. Considering the facts as presented by the United States as undisputed and assessing the applicability of the discretionary function exception,[1] the District Court concluded that Zuniga Hernandez's claims failed as a matter of law. The District Court entered judgment in favor of the United States on October 2, 2013.

On October 17, 2013, Zuniga Hernandez filed a letter in which he asked that a "supplemental declaration" that he had previously submitted "in an earnest attempt to fill the void of evidence referred to by the magistrate judge," and which crossed in the mail with the District Court's judgment, be accepted as a motion for reconsideration. Despite Zuniga Hernandez's reference to it, no "supplemental declaration" appears in the record.

---

[1] Zuniga Hernandez twice sought an extension of time to file a response to the summary judgment motion. On the granting of both requests, Zuniga Hernandez was directed to file not only a brief but also a counterstatement of material facts to respond to the statement of facts submitted by the United States. Zuniga Hernandez filed a brief, but he did not file a counterstatement of material facts or any affidavit or declaration. In his brief, he argued that the factual record submitted by the United States supported his allegations that he reported sexual assaults on January 9, 2009, and January 14, 2009, and that, given his reports, correctional officers and officials were without discretion regarding their response under the regulations at 28 C.F.R. § 115.5, et seq. Zuniga Hernandez also stated that the allegations in his complaint should be taken as true for purposes of the summary judgment motion.

In December 2013, Zuniga Hernandez filed a motion "seeking affirmative relief under Fed. R. Civ. P. 60(b)(6)" and leave to present supplemental evidence. He asked the District Court to vacate its ruling, arguing that the decision was based on a "misapprehension of fact and incorrect application of law." Citing 28 U.S.C. § 2680(h), he further stated that the ruling ignored defendants' obligations to exercise their duty of care in response to reports of rape. He claimed that he was raped on January 9, 2009, and January 13, 2009, and immediately reported the attacks, but correctional officers did not undertake their required investigatory and enforcement duties (which led to the altercation with the other inmate and his injuries). The United States opposed the motion on the basis that Zuniga Hernandez had not shown any basis for reconsideration.

On January 28, 2014, the District Court denied the motion. The District Court noted the accepted bases for relief under Rule 60(b) and concluded that Zuniga Hernandez merely sought to relitigate the issues already addressed without presenting a clear error of law. The District Court also rejected Zuniga Hernandez's claim of a "misapprehension of fact," noting that Zuniga Hernandez failed to submit any evidence in the summary judgment proceedings and did not put forth any evidence that was not previously available to the District Court. On February 14, 2014, the District Court received Zuniga Hernandez's notice of appeal (dated February 5, 2014) from "the final judgment of the District Court."

Our first question is the scope of this appeal. The answer depends on the timeliness of the filing of the notice of appeal, which turns in part on two subsidiary questions, the significance of Zuniga Hernandez's October letter and the nature and effect

3

of his December filing.  The time limit of Rule 4(a)(1) for commencing an appeal is mandatory and jurisdictional.  See Bowles v. Russell, 551 U.S. 205, 209-14 (2007).  A notice of appeal in a civil case in which the United States is a party must be filed within 60 days of the date of entry of the judgment or order appealed.  Fed. R. App. P. 4(a)(1)(B)(i).  A timely motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure tolls the deadline, as does a motion for relief under Rule 60, if it is filed within 28 days of the entry of judgment.  Fed. R. App. P. 4(a)(4)(iv) & (v).

Zuniga Hernandez asks us to consider the letter that he filed in October 2013 as a motion for reconsideration under Rule 59(e), so that we would have a jurisdictional hook to review the order denying summary judgment.  However, that letter does not so much seek reconsideration as ask the District Court to consider as a motion for reconsideration a supplemental declaration that may have been put in the mail but that does not appear on the docket.  We cannot deem the October letter a Rule 59(e) motion.[2]

The next question concerns what type of motion Zuniga Hernandez filed in December.  A pro se pleading must be "judged by its substance rather than according to its form or label."  See Lewis v. Att'y Gen. of the U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989).  Zuniga Hernandez, in seeking an order to vacate the District Court's judgment, cited Rule 60(b)(6), requested leave to present supplemental and "new" evidence, and

_____

[2] Zuniga Hernandez also asks us to consider the letter as a notice of appeal, but we cannot do so because the document does not evidence that Zuniga Hernandez had an intention to appeal.  See Fed. R. App. P. 3(c) (describing the required contents of a notice of appeal); 3d Cir. L.A.R. 3.4 (explaining that a document filed by a pro se litigant after a district court's decision will be deemed a notice of appeal despite an informal form or title "*if it evidences an intention to appeal*") (emphasis added).

also cited traditional bases for reconsideration under Rule 59(e) (essentially, errors of fact and law resulting in manifest injustice).

As either a Rule 59(e) motion or a Rule 60 motion, Zuniga Hernandez's submission was not filed within the time periods that would afford him tolling under Rule 4(a)(4). Although we have not decided whether Rule 4(a)(4) is a jurisdictional rule or a claims-processing rule, see Baker v. United States, 670 F.3d 448, 459 n.14 (3d Cir. 2012) (discussing the matter and suggesting it is a claims-processing rule that should generally be enforced sua sponte); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.18 (3d Cir. 2012), we need not decide the matter in this case where the United States argues that Zuniga Hernandez's appeal of the District Court's order granting summary judgment was untimely because the motion was untimely. See Lizardo v. United States, 619 F.3d 273, 280 & n.9 (3d Cir. 2010).

Zuniga Hernandez's appeal is timely as to the order denying his Rule 59/60 hybrid motion. We have jurisdiction over that decision under 28 U.S.C. § 1291. See Long, 670 F.3d at 446 n.19 (explaining that we have jurisdiction over a timely appeal of an order ruling on an untimely motion for reconsideration); cf. Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) (explaining that "most post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter") (citation and quotation marks omitted).

Our review of an order denying a motion for reconsideration is for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329,

333 (3d Cir. 1985). Also, we generally review orders denying Rule 60(b) motions for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (explaining also that we exercise plenary review over orders granting or denying relief under Rule 60(b)(4)).

Zuniga Hernandez was not entitled to reconsideration based on information that was previously available to him. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Zuniga Hernandez asserted that he was entitled to reconsideration because he had "supplemental evidence"; he also filed a document entitled "affidavit in support," as well as exhibits. However, a litigant may not submit that evidence in support of a motion for reconsideration unless that evidence is newly discovered. Id. His "affidavit" (although dated in December) and other evidence did not constitute new evidence; all that he submitted (other than copies of decisions in his case) was information that was available at the summary judgment stage. Because Zuniga Hernandez did not put before the District Court material new evidence that could not have been discovered earlier with reasonable diligence, he was not entitled to reopening under Rule 60(b), either. See Compass Tech., Inc. v. Tseng Labs, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995).

Zuniga Hernandez also claimed errors of law and fact. He asked the District Court to reexamine the facts found by the Magistrate Judge, claiming that the report and recommendation "ignor[ed] the com[m]ission of felony rape on two separate occasions reported as crimes to the BOP." The District Court did not abuse its discretion in

6

concluding there was no error in its fact-finding because Zuniga Hernandez had not

submitted evidence of rape or its report to controvert the United States' version of the

facts. Under the circumstances of this case, the District Court permissibly relied on its

application of its Local Rule 56.1 to deem admitted the United States' statement of the

facts. See Anchorage Assoc. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 174-76 (3d Cir.

1990) (considering a different local rule related to summary judgment proceedings and

explaining that local rules consistent with Acts of Congress and the Federal Rules of

Procedure are permitted); Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006) (noting,

inter alia, that pro se litigants must follow procedural rules). Zuniga Hernandez clearly

had warning and was told (more than once in light of the extensions of time) of his filing

obligations. He nonetheless did not file a statement of disputed facts or any evidence

with his response to the motion for summary judgment.[3] Accordingly, the District Court

did not err in treating the facts as undisputed in its analysis of the merits of Zuniga

---

[3] He instead sought to rely on the allegations in his complaint. Without further factual
details, in his complaint, Zuniga Hernandez stated that an inmate "sexually assaulted"
him on January 9, 2009, and January 13, 2009. He did not provide further facts about the
incidents. We note that the "allegations" he described in his motion for reconsideration
(regarding rape and its report) do not exist in his complaint. Although he used the term
rape in brief in response to the motion for summary judgment, he appeared to use it to
describe something that occurred after the sexual assaults (he stated that his case was
"about sexual abuse and assault, which was allowed through Defendant's negligence to
blossom into rape," and that if corrections officers had followed procedures after he
reported the two sexual assaults, he "would never have been raped and suffered other
physical injuries"). Regardless, in its undisputed statement of facts, the United States
described Zuniga Hernandez's first report as one about unspecified problems with
another inmate and the second as a report of pressure for sex without physical contact or
threats from the other inmate.

Hernandez's case.  Therefore, the District Court did not abuse its discretion in denying

reconsideration based on a "misapprehension of facts."

Zuniga Hernandez also sought reconsideration on the basis that the District Court

erred in applying the discretionary function exception to the FTCA.  "Legal error,

without more, cannot justify granting a Rule 60(b) motion."  Smith v. Evans, 853 F.2d

155, 158 (3d Cir. 1988) (explaining that a Rule 60(b) motion cannot substitute for an

appeal).  But we consider the District Court's legal analysis on summary judgment to

determine whether reconsideration was warranted.  See Harsco Corp., 779 F.2d at 909.

To determine if the discretionary function exception to the FTCA applies, a court

must consider first whether the challenged conduct involves an element of judgment or

choice.  Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000) (citation and

quotation marks omitted).  If a statute or a regulation prescribes a particular cause of

action for an employee to follow, then the first part of the test is not met.  Id.  If it is met,

a court is tasked to then determine whether the discretionary function exception was

designed to shield the type of judgment or choice at issue.  Id. (citation and quotation

marks omitted).

The United States owes a duty of care to federal prisoners under 18 U.S.C. § 4042,

which states, in relevant part, that the Bureau of Prisons ("BOP") shall "provide for the

safekeeping, care, and subsistence of all persons charged with or convicted of offenses

against the United States."  18 U.S.C. § 4042(a)(2).  Other relevant regulations are 28

C.F.R. § 541.10(a) (relating to disciplinary action against inmates) and 28 C.F.R.

§ 541.22(a) (regarding placements in administrative segregation).  For the reasons given

8

by the District Court (and in the authority cited by the District Court), the statute and those regulations afford the BOP discretion in deciding how to best protect an inmate. Furthermore, as the District Court and those authorities concluded, the judgment involved in how best to protect one inmate from the threat of attack by another is the type of judgment that the exception was designed to shield.

We must also note one additional policy, effective at the time of the incident, which includes directions for prison officials in dealing with sexually abusive behavior.[4] The policy, Program Statement "P5342.06, Sexually Abusive Behavior Prevention and Intervention Program, effective 4/27/2005," gave the operations lieutenant discretion in safeguarding the inmate, but appears to have required 1) other staff members to report sexually abusive behavior complaints to lieutenants, and 2) the lieutenants to make a prompt referral to the prison psychology services and to notify to certain other prison officials of a reported or suspected victim of sexually abusive behavior. We do not have to resolve, however, whether the discretionary function exception is inapplicable to the extent that P5342.06 specifically prescribed a course of action, including the notification of the lieutenant and the referral to psychological services. Based on the undisputed facts, Hernandez's first report (before the assault in which he was injured) was a complaint about unspecified problems with another inmate. The second report (which he made after after the assault) was a report of pressure for sex without physical contact or

_____

[4] Zuniga Hernandez also argued that additional regulations that begin at 28 C.F.R. § 115.5 (the National Standards for the Prison Rape Elimination Act) required a particular course of action to ensure his safety. However, we do not consider them because they were not effective in 2009; they became effective in 2012.

9

threats from the other inmate.  Neither report fell within the definitions of sexually abusive behaviors listed in P5342.06 (sexual fondling, sexual misconduct by staff members, sexual assault with an object, and rape).[5]

For these reasons, the District Court did not abuse its discretion in denying Zuniga Hernandez's motion to the extent that he sought reconsideration under Rule 59(e).  As we have explained, and because Zuniga Hernandez also did not make the necessary "showing of exceptional circumstances" to justify relief under Rule 60(b)(6), see Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002), we conclude that the District Court did not abuse its discretion in denying reopening, either.  We will affirm the District Court's judgment.

---

[5] P5342.06 also included a recommendation that all staff "should report to the Operations Lieutenant, any behaviors that could lead to sexually abusive behaviors."  But a recommendation is different from a requirement.