ALD-267 & ALD-268                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1484 & 18-1930
_____

ASSEM A. ABULKHAIR,
                              Appellant

v.

THE FEDERAL BUREAU OF INVESTIGATION; ROBERT S. MUELLER, III, Former
Director, in His Official Capacity; JAMES B. COMEY, JR., Current Director, in His
Official Capacity; AARON T. FORD, Special Agent in Charge of the FBI's Newark
Division, in His Official Capacity; ALL ASSISTANT AGENTS IN CHARGE, in Their
Official Capacities; ALL FBI SUPERVISORS, OFFICERS, EMPLOYEES, AGENTS,
in Their Official Capacities; ALL FBI INFORMERS AND INFORMANTS, in Their
Official Capacities; ALL FICTITIOUS PERSONS JOHN DOES ONE THROUGH
TWENTY, in Their Official Capacities as FBI Employees;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-05677)
District Judge:  Honorable Esther Salas

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2018

Before:    MCKEE, VANASKIE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 15, 2018)

_____

OPINION*

_____

PER CURIAM

Assem Abulkhair appeals pro se from the District Court's order dismissing his

amended complaint, and from that court's subsequent order denying his recusal motion.

For the reasons that follow, we will summarily affirm both orders.

I.

In 2016, Abulkhair filed an amended civil-rights complaint in the District Court.[1]

That sweeping pleading raised 23 causes of action and was brought against the United

States of America, the Federal Bureau of Investigation ("FBI"), the former and current

directors of the FBI, the Special-Agent-in-Charge of the FBI's Newark Field Office, and

"all" of the FBI's "Assistant Agents In Charge," "Supervisors," "Officers," "Employees,"

"Agents," "Informers," and "Informants."[2] The pleading revolved around Abulkhair's

allegation that, since the terrorist attacks of September 11, 2001, the defendants have

conspired with one another to spy on him "day and night" because he is a Muslim and of

Middle Eastern descent.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] The District Court had dismissed Abulkhair's original complaint without prejudice
based on his failure to satisfy Federal Rule of Civil Procedure 8(a)'s pleading
requirements.

[2] The amended complaint also named 20 John Doe defendants.

2

The named defendants moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On February 7, 2018, the District Court entered an order granting that motion and adjudicating Abulkhair's claims as follows. His claims brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the United States, the FBI, and all of the individual defendants in their official capacities were dismissed with prejudice pursuant to the doctrine of sovereign immunity. His negligence claims under the Federal Tort Claims Act were dismissed with prejudice for failure to exhaust his administrative remedies. His claims against the named Special-Agent-in-Charge (who apparently had retired from the FBI in 2015) were dismissed without prejudice for lack of proper service of process. Abulkhair's remaining claims were dismissed without prejudice for failure to state a claim upon which relief can be granted because his "Amended Complaint fails to explain who committed what actions and impermissibly relies on pleaded elements of a cause of action, supported by conclusory statements." (Dist. Ct. Mem. entered Feb. 7, 2018, at 8 (internal quotation marks omitted).)

The District Court gave Abulkhair until March 8, 2018, to amend the claims that it had dismissed without prejudice, but he ultimately chose not to file a second amended complaint. Instead, on February 28, 2018, he filed a motion for recusal, seeking to have his case assigned to a different district judge. On March 2, 2018, while the recusal motion was pending, Abulkhair filed a notice of appeal challenging the District Court's

3

February 7, 2018 dismissal order.  On April 20, 2018, the District Court denied the recusal motion without prejudice, explaining that it lacked jurisdiction over that motion in light of Abulkhair's pending appeal.  Abulkhair then filed a second notice of appeal, this time challenging the April 20, 2018 order.[3]

## II.

We have jurisdiction over both of these appeals pursuant to 28 U.S.C. § 1291.[4] Our review of the District Court's dismissal of Abulkhair's amended complaint is plenary, see In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012), as is our review of the District Court's determination that it lacked jurisdiction over his recusal motion, see Marathon Petroleum Corp. v. Sec'y of Fin. for Del., 876 F.3d 481, 488 n.9 (3d Cir. 2017).  We may take summary action if these appeals fail to present a substantial question.  See 3d Cir. I.O.P. 10.6.

For substantially the reasons provided by the District Court, we agree with its disposition of Abulkhair's amended complaint.  We also agree with the District Court's conclusion that it lacked jurisdiction over Abulkhair's recusal motion in light of his

---

[3] Abulkhair's first notice of appeal was docketed at C.A. No. 18-1484, while his second notice of appeal was docketed at C.A. No. 18-1930.

[4] Although the District Court's February 7, 2018 order dismissed some of Abulkhair's claims without prejudice, we nevertheless have jurisdiction over that order because he did not subsequently amend those claims.  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).  We also have jurisdiction over the District Court's April 20, 2018 order.  See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) (indicating that post-judgment orders are generally treated as final, appealable decisions under § 1291).

decision to appeal from the February 7, 2018 order.  See <u>Venen v. Sweet</u>, 758 F.2d 117, 120 (3d Cir. 1985).  We have considered Abulkhair's various arguments in support of these appeals and conclude that none warrants disturbing the District Court's rulings in this case.  Because these appeals do not present a substantial question, we will summarily affirm the District Court's February 7, 2018 and April 20, 2018 orders.  To the extent that Abulkhair asks us to "certify" one or more issues to the United States Supreme Court, that request is denied.  To the extent that he seeks any other relief from us, that relief is denied, too.