Robert and Beverly
OHNTRUP, Appellees,

v.

FIREARMS CENTER, INC.,

v.

MAKINA VE KIMYA ENDUSTRISI
KURUMU Morgan, Lewis &
Bockius, Appellant.

No. 85–1783.

United States Court of Appeals,
Third Circuit.

Argued Aug. 4, 1986.

Decided Oct. 7, 1986.

Thomas A. Masterson (argued), Thomas M. Kittredge, Elizabeth P. Harris, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellant.

Robert A. Davitch, Sidkoff, Pincus & Green, Philadelphia, Pa., for appellees.

Before SEITZ, ADAMS and STAPLETON, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM:

Appellant Morgan, Lewis & Bockius ("Morgan") appeals from an order of the district court denying its motion for leave to withdraw as counsel of record for Makina ve Kimya Endustrisi Kurumu ("Makina") in a diversity action filed by Richard and Beverly Ohntrup. As discussed more fully below, this court has jurisdiction under 28 U.S.C. § 1291.

### I

The Ohntrups filed this product liability action to recover damages for an injury sustained by Robert Ohntrup on May 2, 1975 while using a pistol manufactured by Makina. Makina is a corporation owned entirely by the Turkish government. Makina retained Morgan, a Philadelphia-based law firm, to represent it in the litigation.

After a bifurcated trial at which Makina was defended by Morgan through partners John R. McConnell and Arthur Littleton, the district court entered judgment against Makina in the sum of $847,173.97. Upon Makina's appeal, this court affirmed the judgment of the district court. *Appeal of Makina ve Kimya Endustrisi Kurumu*, 760 F.2d 259 (3rd Cir.1985), *affirming mem.*, *Ohntrup v. Firearms Center*, 516 F.Supp. 1281 (E.D.Pa.1981).

Makina subsequently refused to satisfy the judgment. Accordingly, the Ohntrups commenced discovery in aid of execution. When Makina refused to cooperate, the

Ohntrups filed motions to compel discovery.

The Ohntrups continued to serve their papers on Morgan during these post-judgment proceedings. Despite repeated efforts, however, Morgan was unable to learn what action Makina wished Morgan to undertake on its behalf. For this reason, Morgan regarded its representation of Makina as ended, and filed a motion for leave to withdraw appearance. Makina subsequently informed Morgan by telex that it no longer wished Morgan to continue its representation in the matter.

On November 27, 1985, the district court granted Morgan's motion as to John R. McConnell and Arthur R. Littleton. McConnell had retired from Morgan and Littleton had left to join another firm. The district court denied Morgan's motion, however, as it pertained to the firm. The transcript of the court's oral opinion indicates that Morgan must continue to represent Makina until Makina arranges for representation by other counsel.

## II

Before reaching the merits of Morgan's contentions, the court must ensure that this appeal is properly before it. The parties have briefed the issue at the court's direction.

The Ohntrups contend that the district court's order is not a final order under 28 U.S.C. § 1291. They note that discovery proceedings in aid of execution are pending in the district court, and rely on the Supreme Court's opinion in *Firestone Tire And Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). In *Risjord*, the Supreme Court held that a district court's order denying a motion to disqualify counsel in a civil case is not an appealable order. *Id.* at 370, 101 S.Ct. at 671. *See also Richardson-Merrill, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (order granting motion to disqualify counsel not immediately appealable).

The Ohntrup's reliance on *Risjord*, however, is misplaced. In *Risjord*, the district court denied the motion to disqualify prior to the entry of judgment, in the course of pre-trial proceedings. In the present case, in contrast, the district court's order followed the entry of judgment.

As this court has recognized, "It is sometimes appropriate that the requirement of finality be given a 'practical rather than a technical construction.' ... And this is especially so when supplementary post-judgment orders are involved, because the policy against and the probability of avoidable piecemeal review are less likely to be decisive after judgment than before." *Plymouth Mut. Ins. Co. v. Illinois Mid-Continental Ins. Co.*, 378 F.2d 389, 391 (3rd Cir.1967). The United States Court of Appeals for the Seventh Circuit has determined that "[M]ost post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter." *Sportmart, Inc. v. Wolverine World Wide, Inc.*, 601 F.2d 313, 316 (7th Cir.1979); *accord Motorola, Inc. v. Computer Displays Inter.*, 739 F.2d 1149, 1154 (7th Cir.1984). Professors Wright and Miller support the Seventh Circuit view, noting that the policy against interfering with trial court proceedings has diminished application after a final judgment, and that sometimes "if the orders are not found final, there is little prospect that further proceedings will occur to make them final." C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3916, at 607 (1976). Were the rule otherwise, an aggrieved party would for all practical purposes be denied meaningful review of such trial court orders.

■ Since the district court's November 27 order followed the entry of judgment and completely settled the question of Morgan's withdrawal, and because Morgan would otherwise be effectively denied meaningful review of the order, we conclude that the order is appealable under 28 U.S.C. § 1291.

## III

Morgan contends that the district court erred in denying its motion for leave to withdraw. The court will consider Morgan's two arguments in turn.

## A

Morgan first argues that the district court's order must be overturned because it places Morgan in an unacceptable ethical position under the Code of Professional Responsibility ("CPR"). Since a legal issue is involved, our review is plenary.

As Morgan notes, Disciplinary Rule ("DR") 2–110(B)(4) of the CPR requires withdrawal from representation once a client discharges an attorney. DR 2–110(B)(4) is qualified, however, by DR 2–110(A)(1), which provides that if court permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

■ In the Eastern District of Pennsylvania, Local Rule 18(c) requires an attorney to obtain leave of court before withdrawing an appearance, unless another attorney of the court shall at the same time enter an appearance for the same party. Since no substitute appearance was entered and the district court did not grant Morgan leave to withdraw from the Makina representation, Morgan is not in an unacceptable ethical position under the CPR. Thus, Morgan's first argument lacks merit.

## B

[3] Morgan alternatively contends that under the circumstances the district court abused its discretion under Local Rule 18(c) when it refused to grant it leave to withdraw. We review that decision under an abuse of discretion standard. *Washington v. Sherwin Real Estate,* 694 F.2d 1081, 1087 (7th Cir.1982).

Morgan's principal argument is that Makina's dismissal of Morgan as its counsel renders Morgan without authority to represent Makina in the post-judgment proceedings. The active representation required by the court's order, Morgan contends, creates practical problems and will have no positive effect on the Ohntrups' ability to obtain satisfaction of their judgment. This court, like the district court, is conscious of the practical problems Morgan might face in its continued representation. Nevertheless, Morgan's argument fails to pay adequate attention to the purposes of Local Rule 18(c) and the difficulties the district court would face were Morgan granted leave to withdraw at this time.

■ As Morgan recognizes, the purposes of Local Rule 18(c) include providing for communications between the litigants and the court, as well as ensuring effective court administration. In the instant case, the Ohntrups have recovered a substantial judgment against Makina and have just begun efforts to collect it. Makina is a Turkish corporation that claims it has done no business in the United States since 1975. It is located in Ankara, Turkey, and is wholly owned by the Turkish government. Many of Makina's officers and agents do not speak or understand English. This communication gap is exacerbated by the lack of modern communication techniques in Turkey. The record also demonstrates that Makina has been an intractible litigant. Under these circumstances, the district court found that permitting Morgan to withdraw would leave the court without the possibility of effective communication with Makina, as well as without a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation. These findings are not clearly erroneous.

In light of the above, this court cannot conclude that the district court abused its discretion in refusing Morgan's request for leave to withdraw at the time the court acted. Rather, the district court fairly balanced Morgan's concerns with the court's need for effective communication and efficient administration.

## C

■ One final matter requires this court's attention. As noted above, the transcript of the district court's oral opinion indicates that Morgan would be required to continue to represent Makina until such time as Makina arranged for representation by other counsel. We do not believe that such a result automatically follows in all cases from the language of the rule of court. Otherwise, a lawyer in the

present situation might be unable to withdraw at any time. Such a result is neither mandated nor required for the effective administration of the judicial system. Rather, we conclude that a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned.[1]

We nevertheless affirm because we cannot say that the district court abused its discretion, particularly in light of the relatively short elapsed time from the entry of judgment to the decision on the motion and the representations of Ohntrups' counsel that further discovery in aid of execution was contemplated.

Our affirmance is without prejudice to renewal of the motion at a later appropriate time even if no substitute counsel replaces Morgan.

## V

For the reasons set forth above, the order of the district court will be affirmed.

---

**1.** Since we anticipate that Morgan will remain in the case until the Ohntrups have exhausted meaningful efforts to satisfy their judgment, we need not consider the Ohntrup's argument that granting Morgan leave to withdraw would violate the prohibition against corporations appearing in court unrepresented by counsel.