50 F.3d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rudolph V. TOWNS, Plaintiff-Appellant,
v.
Al MORRIS, Defendant-Appellee.
 No. 93-1295.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 24, 1994.
Decided March 22, 1995.
 
 C. Leon Lee, II, Marshall B. Pitts, Jr., BARTON & LEE, Fayetteville, NC, for appellant. Michael F. Easley, Atty. Gen., Isaac T. Avery, III, Sp. Deputy Atty. Gen., Linda M. Fox, Asst. Atty. Gen., Raleigh, NC, for appellee.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rudolph Towns filed this 42 U.S.C. Sec. 1983 (1988) action against Al Morris, an officer of the North Carolina Highway Patrol. On February 4, 1990, Morris arrested Towns for driving while subject to an impairing substance and driving without a license. Towns alleged that Morris handcuffed him, beat him with his gun, put the gun to Towns' head, and threatened to blow his brains out. Upon recommendation of the magistrate judge, the district court dismissed the action pursuant to Fed.R.Civ.P. 37(b), for failure to comply with a court order regarding discovery. Towns appeals, and we affirm.
 
 I.
 
 2
 In his answer, Morris admitted that he and Towns struggled, that Towns' head was cut in the struggle, and that Morris took Towns to the hospital, where he refused treatment and was given a band-aid for his cut. Three weeks after the complaint was filed, Morris served Towns with interrogatories, with responses due on March 30. After seeking responses from counsel several times and receiving no explanation for the failure to respond, Morris moved for sanctions under Fed.R.Civ.P. 37(d), on August 7, 1992. On August 17, Towns sent Morris incomplete answers which were neither signed nor verified. Morris moved again for sanctions, asserting that the answers were insufficient.
 
 
 3
 On September 22, 1992, counsel for Towns moved to withdraw from further representation of Towns, stating only that through disagreement, he and Towns had reached "an impasse." After missing one scheduled hearing on the pending motions, Towns and his counsel, as well as counsel for Morris, appeared at a hearing before the magistrate judge. The magistrate judge found Towns' counsel to have been reckless in answering the interrogatories and failing to supple ment answers. The court held counsel's motion to withdraw in abeyance pending completion of the first set of interrogatories. He directed Towns and his counsel to mail the responses so that they would arrive with Morris' counsel no later than November 16. Towns and his counsel were warned that failure to comply with the discovery schedule would result in further sanctions. The magistrate judge then assessed costs of $500 against counsel and $100 against Towns for failure to appear at the first scheduled hearing.
 
 
 4
 Towns then sent incomplete answers to defense counsel by facsimile transmission after regular business hours on November 16. He still had no medical records, and, contrary to an earlier assertion, had only just requested them. In addition, Towns had failed to pay the $100 fine assessed by the court.[1] Morris filed a second motion for sanctions. Before the magistrate judge's ruling on this motion, Morris obtained some of Towns' records from the emergency room which had treated him on the night in question. These records completely contradicted the severity of the condition alleged by Towns, as well as his assertions regarding consumption of alcohol and other drugs in the twenty-four hours before the encounter.
 
 
 5
 After setting forth the disparities and voids in Towns' discovery responses, the magistrate judge recommended the sanction of dismissal. The district court, after de novo review, adopted the magistrate's report. On appeal, Towns challenges the propriety of the dismissal. In addition, counsel for Towns contends that his motion for withdrawal should have been granted.
 
 II.
 
 6
 Counsel for Towns[2] argues, without citation to any precedent, that he should not have been "forced to maintain a relationship that neither he nor the client [were] desirous of having" and that the court "committed error in forcing counsel to work beyond the date that he had ceased to be employed by Plaintiff." Under the circumstances in this case, we have no trouble finding that ample justification supported the denial of the motion to withdraw.
 
 
 7
 While the Supreme Court has not decided whether federal courts have inherent authority to require attorneys to continue representation against their will in civil cases, see Mallard v. United States Dist. Court for Southern Dist., 490 U.S. 296, 310 (1989), district courts may, under local rule, condition withdrawal of representation on leave of court, pursuant to 28 U.S.C.A. Sec. 1654 (West 1966). See Daniels v. Brennan, 887 F.2d 783, 784 n. 1 (7th Cir.1989). In the Eastern District of North Carolina, the court has made such provision under Local Rule 2.07:
 
 
 8
 No attorney whose appearance has been entered shall withdraw his or her appearance or have it stricken from the record except with leave of court.
 
 
 9
 The purpose of such a rule is to ensure the effective administration of justice. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir.1986). Thus, if the district court finds that the attorney's presence is "not essential to the administration of justice," the motion should be granted. A Sealed Case, 890 F.2d 15, 17 (7th Cir.1989) (directing grant of motion to withdraw based on ethical concerns). We review the denial of the motion to withdraw for an abuse of discretion. Ohntrup, 802 F.2d at 679; Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1521 (11th Cir.1983).
 
 
 10
 In his Reply Brief, Towns acknowledges for the first time that leave of court is required but argues that "[o]nce the client and attorney have determined they could no longer work together it is incumbent upon the tribunal to release the attorney, thereby allowing the party to seek other counsel." Thus, under Towns' view, the decision on the motion to withdraw is effectively a decision between counsel and his client. We disagree. Such a view wholly overlooks the plain language of Local Rule 2.07 and undermines the court's ability to fairly and effectively administer the cases it hears.
 
 
 11
 This case is a good example of why district courts should be involved in these matters. Here, Towns and his attorney had consistently obstructed the progress of the litigation by filing tardy, incom plete, and apparently false responses to Morris' discovery requests[3] and by failing to attend the first hearing on the first motion for sanctions. Given the dilatory progress of the litigation,[4] the magistrate judge held that counsel should remain in the litigation until he complied with his discovery obligations. This approach is consistent with the court's responsibility to fairly and effectively administer the litigation. See Ohntrup, 802 F.2d at 679. Accordingly, we find no abuse of discretion in the denial of the motion to withdraw.
 
 III.
 
 12
 The district court may impose sanctions, including dismissal of the action, if a party fails to comply with a court order regarding discovery. Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir.1977), cert. denied, 434 U.S. 1020 (1978). Dismissal of a complaint is an extreme sanction, reserved for flagrant cases of bad faith and callous disregard for the court's authority. Hillig v. Comm'r, 916 F.2d 171, 174-75 (4th Cir.1990) (vacating dismissal of petition); Mutual Fed. Sav. & Loan Assn. v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir.1989) (affirming default judgment). We review such a decision only for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).
 
 
 13
 To determine whether dismissal was proper, we examine the following factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Hillig, 916 F.2d at 175.
 
 
 14
 Towns failed to respond to several inquiries concerning the status of the interrogatories, due on March 30, 1992. When Morris moved for sanctions in August, Towns sent responses which were not signed or verified, and with several answers completely contradicted by medical records later provided to Morris.[5] When fined by the court and ordered to complete the interrogatories in a certain, timely manner, Towns failed to comply. The answers ultimately provided to Morris reveal a lack of investigation of the event on the part of counsel; indeed, the magistrate judge found some of the answers provided by Towns to be "manifestly false." This conduct constitutes bad faith.
 
 
 15
 The information sought by Morris is clearly material to defense of the action. He sought information such as Towns' social security number, a list of witnesses, medical records, and Towns' condition at the time of the incident. Further, deterrence of the type of conduct engaged in by Towns and counsel was plainly warranted. They have been dilatory throughout the discovery process in providing the most basic information; counsel either failed to investigate or ignored the facts surrounding the incident; and, as the magistrate judge found, several answers which were provided in interrogatories totally contradicted prior interrogatories or the medical records. Furthermore, it is clear that less drastic alternatives were not available--the magistrate judge's previous monetary sanction had no appreciable corrective effect. Under these circumstances, the district court, in its discretion, found that dismissal was appropriate. We find no abuse of discretion in that determination.
 
 
 16
 Accordingly, we affirm the denial of counsel's motion to withdraw, and the subsequent dismissal of the case. We deny appellee's second motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The magistrate judge later excused Towns' late payment of his fine as attributable to confusion as to where he was to pay
 
 
 [2]
 Towns is represented on appeal by the same attorney he attempted to discharge and with whom he had an "impasse" at trial
 
 
 [3]
 The magistrate judge noted that there was "arguably a basis for finding that counsel violated [Fed.R.Civ.P.] 11 in filing the complaint."
 
 
 [4]
 The litigation had been in progress for over eight months when the court denied the motion to withdraw. At that time, basic discovery had not yet been completed because of Towns' obstructive tactics
 
 
 [5]
 As an example of these contradictions, Towns claimed to have had thirty-three stitches which left permanent scars; medical records revealed that a band-aid was sufficient to cover the three to five centimeter cut and that no stitches were given. He claimed to have broken his hand in warding off blows from Morris, but the medical records revealed no fractures