**Barry G. BAYGES and Margaret Boorse, Plaintiffs,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Defendant.**

**No. 94–CV–5833.**

United States District Court, E.D. Pennsylvania.

June 5, 1995.

---

Gregory R. Noonan, DeYoung, Walfish & Noonan, P.C., King of Prussia, PA, for plaintiffs.

Saul H. Krenzel, Saul H. Krenzel & Associates, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

We address today the motion of Gregory R. Noonan, Esquire to withdraw as counsel for Plaintiff Barry Bayges in this matter. For the reasons articulated below, we will grant Mr. Noonan's motion.

### I. BACKGROUND

Plaintiffs Barry G. Bayges and Margaret Boorse were demoted by their former employer, Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"), after their profanity-laced conversation was inadvertently transmitted over a two-way radio. Plaintiffs subsequently appealed the disciplinary action through SEPTA's administrative channels. While the administrative appeal was pending, Plaintiffs filed a suit in this Court, in which they alleged that SEPTA had violated a number of their civil rights. In December of 1992, this Court issued a Memorandum and Order in which we dismissed Plaintiffs' claim without prejudice. In so ruling, we held that the abstention doctrine articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), as applied in *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), precluded the court from addressing the federal issues, since Pennsylvania law provided for adequate review of Plaintiffs' claims. We further noted that if the claims were "not appropriately addressed during the administrative hearing, they will be appealable [to] the state court level." *Bayges, et al. v. SEPTA,* No. 92–2485, slip op. at 5, 1992 WL 392596 (E.D.Pa. Dec. 16, 1992). Our decision was affirmed by the Third Circuit Court of Appeals, without published opinion. *Bayges v. SEPTA,* 5 F.3d 1488 (3d Cir.1993).

On August 24, 1994, SEPTA issued a final order affirming the decision to demote Plaintiffs, thereby concluding the administrative appeal process. Mr. Noonan's partner later filed a petition for review in the Court of Common Pleas on behalf of Plaintiffs, which was dismissed. Mr. Noonan thereafter filed, on Plaintiffs' behalf, an appeal of the trial court's decision with the Commonwealth Court of Pennsylvania, which is currently pending. Meanwhile, Plaintiffs, proceeding *pro se,* filed the instant action in this Court, but failed to effect service. This second federal complaint is identical to the one dismissed by this Court in December of 1992. Mr. Noonan entered his appearance for Plaintiffs and effected service. SEPTA responded to the complaint by filing a motion to dismiss, in which it argued, *inter alia,* that since Plaintiffs' claims had been addressed and dismissed previously, and that since Plaintiffs' state court remedies had still not been exhausted, the claim preclusion doctrine mandated the dismissal of Plaintiffs' com-

plaint. Defendant's Memo. in Support of Motion to Dismiss at 17–18.

Upon review of the Motion to Dismiss, Mr. Noonan reached the same conclusion, and advised his clients that the proper forum for consideration of their claims was the state court. But while Ms. Boorse has accepted the advice of counsel and agreed to withdraw the federal complaint voluntarily, Mr. Bayges has insisted that Mr. Noonan press forward and file a brief in opposition to SEPTA's Motion to Dismiss. In a letter dated May 9, 1995, Mr. Noonan explained his position to his client, calling Mr. Bayges's attention to Fed.R.Civ.P. 11, which exposes an attorney to monetary sanctions if that attorney submits an argument that is contrary to existing law. When it became apparent that Mr. Bayges would not yield, Mr. Noonan filed the instant motion to withdraw.

## II. *DISCUSSION AND CONCLUSION*

Pursuant to Local Rule 18(c), "[a]n attorney's appearance may not be withdrawn except by leave of court." The decision to grant a motion to withdraw rests within the court's discretion. *Ohntrup v. Firearms Center, Inc.,* 802 F.2d 676, 679 (3d Cir.1986). In exercising our discretion, we first recognize Rule 1.16(a)(1) of Pennsylvania's Rules of Professional Conduct, which states that "a lawyer ... shall withdraw from the representation of a client if ... the representation will result in violation of the rules of professional conduct or other law." Moreover, as we noted above, Fed.R.Civ.P. 11 generally precludes an attorney from submitting a pleading in which he or she argues a position at odds with existing law.[1] We therefore conclude that since an order compelling Mr. Noonan to remain in the case and oppose SEPTA's motion would likely result in his violating Rule 11, we must honor his request to withdraw.

In his brief opposing Mr. Noonan's motion, Mr. Bayges suggests that his attorney led him to believe that his best chance for redress was in the federal court, and that it is unfair for Mr. Noonan to now retreat from that position. In response to this contention,

we note that Mr. Bayges has failed to inform the Court when such representation occurred. Given the clear and unequivocal statement of Mr. Noonan's legal opinion contained in the May 9 letter to Mr. Bayges, however, we can only conclude that such representation occurred before Mr. Noonan had the opportunity to examine the pertinent issues thoroughly. Finally, we note that Mr. Noonan has not completely abandoned Mr. Bayges, as he stands ready to represent his client in the ongoing state appeals process. Thus, for these reasons, Mr. Noonan's motion to withdraw will be granted.

An appropriate order follows.

## *ORDER*

AND NOW, this 5th day of June, 1995, upon consideration of the Motion of Gregory R. Noonan, Esquire to Withdraw as counsel for Plaintiff Barry Bayges in the above captioned matter, it is hereby ORDERED that said Motion is GRANTED.

Plaintiff Bayges is hereby DIRECTED to respond to Defendant's Motion to Dismiss within thirty (30) days of the date of this Order's entry. Plaintiff Bayges is cautioned that Rule 11 applies to both attorneys and "unrepresented parties." Fed.R.Civ.P. 11(b). If Plaintiff Bayges fails to so respond, Defendant's Motion will be treated as unopposed in accordance with Local Rule 20(c).

---

1. While we do not decide the issue here, we note that Mr. Noonan's position regarding the viability of his client's claim in our Court appears well-founded.