**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1034
_____

TOBIA IPPOLITO,
Appellant

v.

LISA IPPOLITO; THOMAS J. CRITCHLEY, JR., J.S.C., in Official Capacity as Judge
of Superior Court, and Individual Capacity; MICHAEL E. HUBNER, J.S.C., in Official
Capacity as Judge of Superior Court, and Individual Capacity; PHILLIP J. MAENZA,
J.S.C., in Official Capacity as Judge of Superior Court, and Individual Capacity;
SEBASTIAN M. CICITTA; LUCILLE A. CICITTA; WILLIAM LAUFER, ESQ.;
LAUFER, DALENA, CADICINA, JENSEN & BOYD, LLC the firm

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:16-cv-00531)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 5, 2019
Before: AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 11, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Tobia Ippolito appeals from the District Court's denial of a "motion for relief from judgment" he filed, citing Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6). In January 2016, Ippolito initiated an action in the District Court relating to a then-pending state court matter. In February 2016, the District Court denied Ippolito's requests for intervention in the state court matter and dismissed his claims.

Nearly two years later, Ippolito filed a motion in the District Court citing Rule 60(b). In his motion, Ippolito solely requested that several state court judgments entered against him be vacated. The District Court denied his motion, and Ippolito timely appealed.[1]

The District Court did not err in denying Ippolito's motion. Although Ippolito cited Rule 60(b)(6) and 60(b)(6) in his motion, he did not demonstrate that he was entitled to relief from the District Court's earlier ruling because the judgment was void or for any other reason. Further, as the District Court concluded, to the extent that Ippolito requested in his motion that the District Court vacate state court judgments entered

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) ("[M]ost post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter.") (citation omitted). Generally, we review orders denying Rule 60(b) motions for abuse of discretion, but we exercise plenary review over orders granting or denying relief under Rule 60(b)(4). See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

against him, the <u>Rooker-Feldman</u> doctrine bars a losing state-court party "from seeking what in substance would be appellate review of [a] state judgment in a United States district court." <u>See</u> <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994); <u>see also</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005) (explaining that the <u>Rooker-Feldman</u> doctrine bars district courts from reviewing and rejecting unfavorable state court judgments). Accordingly, we will summarily affirm the judgment of the District Court.[2]

---

[2] Ippolito has requested declaratory relief on appeal relating to state court rulings that were entered against him, as discussed above. In light of our disposition, his request is denied.