CLD-060                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2915
_____

UNITED STATES OF AMERICA

v.

TERRENCE GIBBS,
a/k/a T, a/k/a Terry,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:96-cr-00539-002)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted on Appellee's Motion for Summary Action Pursuant
to Third Circuit L.A.R. 27.4 and I.O.P. 10.6

December 5, 2019

Before:  JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed: December 11, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Terrence Gibbs is serving a life sentence for his leadership role in a drug conspiracy. We affirmed Gibbs's convictions and sentence on appeal. See United States v. Gibbs, 190 F.3d 188, 220 (3d Cir. 1999) (concluding, inter alia, "that the District Court did not clearly err in attributing 150 kilograms of powder cocaine and 1.5 kilograms of crack to Gibbs as a leader of the conspiracy"). Numerous post-judgment motions filed by Gibbs have been unsuccessful.

Recently, Gibbs filed with the District Court a motion for appointment of counsel. The stated purpose of the motion was to secure assistance in filing an application for relief under Section 404 of the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).[1] Section 404 gives retroactive effect to provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), that increased the drug quantities necessary to trigger mandatory minimum and maximum penalties for crack-cocaine offenses. See United States v. Hegwood, 934 F.3d 414, 417 (5th Cir. 2019).

In his motion for counsel, Gibbs argued that he is eligible for relief under Section 404 because he conspired to possess and sell both powder and crack cocaine, as detailed in the Government's superseding indictment and as indicated by the District Court's

_____

[1] Cf. United States v. Wirsing, No. 19-6381, ___ F.3d ___, 2019 WL 6139017, at *7, *9 (4th Cir. Nov. 20, 2019) (holding that 18 U.S.C. "§ 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion," and that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded [by Section 404(c)], are eligible to move for relief under the Act").

instructions to the jury. Attached to his motion was a letter from the Federal Community Defender Office for the Eastern District of Pennsylvania declining to file a Section 404-based application on Gibbs's behalf after it concluded, primarily, that Gibbs was convicted only of powder- rather than crack-cocaine offenses.

The District Court denied Gibbs's motion, declining to appoint counsel "[b]ecause any motion for reduction of sentence under the First Step Act would be unsuccessful." Acknowledging the letter from the Federal Community Defender, the District Court expressed that Gibbs "is not entitled to court appointed counsel for a second legal opinion." Gibbs appealed.

We have jurisdiction under 28 U.S.C. § 1291. See Isidor Paiewonsky Assoc., Inc. v. Sharp Props., Inc., 998 F.2d 145, 150-51 (3d Cir. 1993); Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). Our review is for abuse of discretion. See Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019). We may affirm on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

A district court assessing a motion for counsel first determines whether the litigant's case has arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If that threshold is met, the court then considers a non-exhaustive list of several additional factors. See id. at 155-57; see also Shifflett v. Korszniak, 934 F.3d 356, 367 (3d Cir. 2019) ("Under [Tabron], counsel should be appointed where an indigent plaintiff

3

with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case.").

Even assuming, arguendo, that there is arguable merit to Gibbs's anticipated application for relief under Section 404 of the FSA, the District Court did not abuse its discretion in denying the motion for counsel. There is no reason to appoint counsel to brief a pure question of law—to wit, whether Gibbs is serving a sentence for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," FSA § 404(a), 132 Stat. at 5222—that Gibbs has already competently presented below (in his counsel motion) and in this Court (in his summary-action response). See Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002) ("Perhaps the most significant of Tabron's post-threshold factors is the plaintiff's ability to present his or her case."). The order of the District Court will thus be affirmed. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).[2]

---

[2] Gibbs argues on appeal that it was error for the District Court "to solely rely on the assessment" of the Federal Community Defender. We understand the order on review to instead have denied the motion for counsel based on the District Court's own assessment that Gibbs failed to satisfy the Tabron threshold of arguable merit, even if that assessment echoed the substance of the Federal Community Defender's letter. Our understanding is supported by the District Court's reliance on United States v. Freeman, 783 F. App'x 164 (3d Cir. 2019) (per curiam).