**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3003
_____

ROBERT MCCLEES, Appellant

v.

COMMUNITY CAPITAL LLC; REBECCA BOUDWIN; COMEGNO LAW GROUP;
SUSAN M. ESPOSITO; LIFE CENTER ACADEMY; DAVID B. BOUDWIN;
BENEFICIAL FINANCIAL I INC., S/G/M/T; BENEFICIAL NEW JERSEY INC.,
doing business as BENEFICIAL MORTGAGE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-18-cv-14345)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2020
Before: AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: May 7, 2020)
_____

OPINION[*]
_____

PER CURIAM

      Robert McClees, proceeding pro se, appeals orders of the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court for the District of New Jersey denying post-judgment motions that he filed after the dismissal of his complaint. We will dismiss McClees' appeal for lack of jurisdiction because it was untimely filed.

McClees filed a complaint against various defendants raising, among other things, a claim under the Fair Debt Collection Practices Act. On October 3, 2018, the District Court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, gave McClees 30 days to file a motion to reopen his case and a proposed amended complaint, and ordered that if he did not do so, the dismissal would convert to one with prejudice. The District Court also denied McClees' motion to stay his eviction from his home.

After 30 days passed, McClees filed an amended complaint and another motion to stay his eviction. On November 20, 2018, the District Court denied the motion, ordered that the matter remain closed, and dismissed the matter with prejudice.[1] The District Court found McClees' filings substantively the same as his previous filings and insufficient to reopen the matter.

On December 27, 2018, McClees filed a motion for reconsideration and/or for relief pursuant to Federal Rule of Civil Procedure 60(b). He filed a motion for a default judgment against the defendants thereafter. In an order entered July 25, 2019, the District Court denied both motions. McClees filed a notice of appeal on August 29, 2019.

---

[1] The District Court also noted that its earlier dismissal without prejudice had converted to a dismissal with prejudice.

Although he did not identify the order he was appealing, he states in his brief that he appeals both the November 20, 2018, and July 25, 2019, orders.[2]

We have jurisdiction to review the District Court's post-judgment orders pursuant to 28 U.S.C. § 1291. Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We do not have jurisdiction, however, when an appeal is untimely. Bowles v. Russell, 551 U.S. 205, 209-10 (2007). McClees was required to file his notice of appeal within 30 days after entry of the order appealed from. Fed. R. App. P. 4(a)(1)(A). He filed his August 29, 2019, notice of appeal more than 30 days after the November 20, 2018, order was entered. McClees' December 27, 2018, motion for reconsideration and/or for relief under Rule 60(b) was not filed within 28 days of that order and did not toll the time to file a notice of appeal. See Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). In addition, McClees' August 29, 2019, notice of appeal is untimely as to the July 25, 2019, order denying his December 27, 2018, motion and his motion for a default judgment because the 30-day time to appeal expired on Monday, August 26, 2019.[3]

---

[2] The fact that McClees did not identify the orders in his notice of appeal is not problematic as the named defendants have never appeared and are not prejudiced. See Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163-64 (3d Cir. 2015).

[3] Federal Rule of Civil Procedure 58, under which the time to appeal begins to run at a later date when a judgment is not set out in a separate document, does not apply to the denial of the December 27, 2018, motion or the motion for a default judgment, which we construe as a motion under Rule 60(b) because McClees needed to reopen the final judgment against him to seek a default judgment against the defendants. See Fed. R. Civ. P. 58(a) (excepting orders disposing of Rule 59 and Rule 60 motions from the Rule); see also Fed. R. Civ. P. 60(b) (listing the grounds for relief from a final judgment).

Finally, McClees did not file a motion to extend or reopen the time to file a notice of appeal and the time to do so has expired.  <u>See</u> Fed. R. App. P. 4(a)(5), 4(a)(6).

Accordingly, because the notice of appeal is untimely, we will dismiss the appeal for lack of jurisdiction.