**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1027
_____

JIMI ROSE,
                    Appellant

v.

HOFFMAN INSURANCE CONSULTANTS, LLC; BASHKIM (BOBBY) HUSENAJ;
MARK HOFFMAN; RYAN STOCKER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:16-cv-02225)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 3, 2023
Before: KRAUSE, SCIRICA, and AMBRO, Circuit Judges

(Opinion filed: March 14, 2023)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This is the third appeal that pro se appellant Jimi Rose has brought before us in connection with this civil action, which concerns allegations of discrimination related to a dispute over an insurance policy that covered certain real property. This time, he appeals from the District Court's September 2021 judgment, which denied his second post-judgment attack on the District Court's July 2018 judgment dismissing his third amended complaint. For the reasons that follow, we will affirm the District Court's September 2021 judgment.

I.

Rose commenced this civil action in the District Court in 2016. In July 2018, the District Court granted the defendants' motions to dismiss Rose's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied his motion to file a fourth amended complaint. The District Court liberally construed the third amended complaint, which contained "rambling, stream-of-conscious narrative," (Dist. Ct. Op. entered July 18, 2018, at 3), as raising both federal and Pennsylvania-state-law claims, and it explained why each one of them failed to state a viable claim. In January 2019, we summarily affirmed that judgment for substantially the reasons provided by the District Court. See C.A. No. 18-2736.

Rose then returned to the District Court, filing several post-judgment motions. He argued, among other things, that he had not raised "State Court" (read: state-law) issues in the District Court, and he moved to strike the District Court's July 2018 judgment to the extent that it addressed those state-law issues. The District Court denied those post-judgment motions in January 2020, and we summarily affirmed that denial in July 2020.

2

See C.A. No. 20-1284. In doing so, we concluded that, to the extent Rose's motion to strike could be construed as a motion for relief from the District Court's July 2018 judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6), such relief was not warranted. We explained that Rose "has not shown that the [July 2018] judgment is void or that extraordinary circumstances exist," and we noted that he "could have raised in his appeal [in C.A. No. 18-2736] his arguments that the District Court should not have addressed any state law claims." (July 29, 2020 Order in C.A. No. 20-1284, at 2.)

Undeterred, in October 2020, Rose returned to the District Court yet again, filing a "Motion for Special Relief Pursuant to Manifest Injustice Due to this Honorable Court's [July 2018] Ruling." (Dist. Ct. docket # 174.) In that motion, Rose once again sought to disturb the District Court's July 2018 judgment, reiterating his argument that he had not raised state-law claims in this case. The District Court denied that motion in September 2021, and this appeal followed.[1]

---

[1] In cases like this one, a litigant generally must file his notice of appeal within 30 days of the entry of the final order being appealed. See Fed. R. App. P. 4(a)(1)(A). Here, Rose did not file his notice of appeal within 30 days of the entry of the District Court's September 2021 order. But this appeal is nevertheless timely, for the District Court subsequently granted his request to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and his notice of appeal was filed before the expiration of the 14-day reopening period authorized by Rule 4(a)(6).

II.[2]

In Rose's appeal in C.A. No. 20-1284, we affirmed the District Court's denial of his first round of post-judgment attacks on the District Court's July 2018 judgment. We see no reason to reach a different result in this second round.[3] As we indicated in C.A. No. 20-1284, the time for Rose to argue that the District Court should not have addressed any state-law claims was when he appealed from the July 2018 judgment in C.A. No. 18-2736.[4] We cannot conclude that his being foreclosed from pursuing that argument now would somehow constitute a "manifest injustice." In view of the above, we will affirm the District Court's September 2021 judgment.[5]

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam).

[3] It appears from the District Court's docket that a copy of the District Court's September 2021 order was not mailed to Rose immediately after that order's entry. And when a copy was mailed to him a few days later, it appears that it may have been mailed to the wrong address due to an error on the District Court's docket concerning his street address. Although Rose takes issue with those mailing issues, we cannot conclude that they reflect that the District Court is biased against him. Nor did those mailing issues otherwise prejudice Rose, as he has been able to fully litigate this appeal.

[4] In C.A. No. 18-2736, rather than argue that the District Court should not have addressed any state-law claims, Rose appeared to argue the merits of those claims. (See, e.g., Rose's Dec. 17, 2018 "response" filed in C.A. No. 18-2736, at 8-9 ("[T]he [District] Court failed to uphold the laws for the State of Pennsylvania."); Rose's second "response" filed on Jan. 2, 2019, in C.A. No. 18-2736, at 4-5 (claiming that "the Judge in the [District] Court completely and totally[] ignored the law on contracts for the State of Pennsylvania").

[5] Rose's request to quash the motion to summarily affirm filed by three of the appellees is denied. The motion to summarily affirm is denied, too, as is those appellees' request to impose a filing injunction against Rose. That said, we caution Rose that he could face the imposition of filing restrictions and/or other sanctions in this Court if he continues to bring repetitive and/or meritless challenges related to the proceedings at District Court Case No. 5:16-cv-02225.

4