BLD-048                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2339
_____

FATEEN GROCE,
Appellant

v.

DETECTIVE MCGOLDRICK, #8011; DETECTIVE PRICE, #9255;
DETECTIVE RUTH, #9232; OFFICER VIVARINA, #5132, Responding Officer;
OFFICER TRAVALINE, #1918, Responding Officer
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-05132)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 12, 2024
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 20, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Fateen Groce, proceeding in forma pauperis, appeals from the District Court's order denying his post-judgment motion. Because the appeal does not present a substantial question, we will summarily affirm.

I.

Groce filed a complaint which alleged that he was maliciously prosecuted for attempted rape and related criminal charges. He brought civil rights claims against many defendants, including Detective McGoldrick and Detective Ruth of the Philadelphia Police Department. The record shows that those detectives responded to an alleged sexual assault and took the statement of the alleged victim, who identified Groce as her assailant. Groce was arrested, charged with attempted rape and related offenses, and held in pretrial detention. After the victim failed to appear at preliminary hearings, the government withdrew its prosecution.

The District Court dismissed all of Groce's claims except his malicious prosecution claims against some of the defendants. The remaining defendants then moved for summary judgment, and Groce filed an opposition. On November 27, 2023, the District Court entered summary judgment in favor of the remaining defendants on the remaining claims. With respect to the claims against Detectives McGoldrick and Ruth, the District Court determined that their personal involvement was limited to their initial response to the victim and their preparation of investigation reports. Thus, among other reasons the malicious prosecution claims against McGoldrick and Ruth failed, the District Court determined that no reasonable juror could conclude that they acted maliciously or that the evidence they relied upon was insufficient to provide probable cause to prosecute

Groce. The District Court further determined that Groce failed to produce evidence that the other remaining defendants had any personal involvement in the prosecution. Groce did not file an appeal from the District Court's judgment.

More than seven months later, on July 8, 2024, Groce filed a "Cross Motion for Summary Judgment," which requested summary judgment on his malicious prosecution claims and repeated his arguments in opposition to the defendants' summary judgment motion. See ECF 94. On July 9, 2024, the District Court dismissed Groce's motion. Groce then filed this appeal from that order.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986). Because Groce's notice of appeal is timely only as to the District Court's July 9, 2024 order denying his post-judgment motion, our jurisdiction is limited to reviewing that order.[2] We review the post-judgment order at issue here for abuse of discretion. See generally Thabault v. Chait, 541 F.3d 512, 532 (3d Cir. 2008); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008); Max's Seafood I ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may

---

[1] Groce subsequently filed a motion for reconsideration on August 6, 2024. The District Court denied that motion on August 7, 2024.

[2] Groce did not file a new or amended notice of appeal from the District Court's August 7, 2024 order denying reconsideration. Nor do his pro se filings in this Court, which we liberally construe, indicate an intent to appeal from that order. See generally 3d Cir. L.A.R. 3.4; Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 104 (3d Cir. 2017). In any event, we note that Groce's one-paragraph motion for reconsideration contained no argument and stated no grounds for relief.

3

summarily affirm a district court's order on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

In essence, Groce's "Cross Motion for Summary Judgment" restated the arguments that he had previously raised in opposition to the defendants' motion for summary judgment. See ECF 74. As Groce's motion was filed more than seven months after the District Court entered summary judgment in favor of the defendants, the District Court properly dismissed the motion as moot. To the extent that Groce's motion might have been construed as a motion for reconsideration or for relief from judgment under Federal Rules of Civil Procedure 59 and 60, the motion was meritless, as Groce made arguments that he could have raised via a timely appeal of the District Court's order granting summary judgment in favor of the remaining defendants. See generally Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal).

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] Groce's motion to expand the record is denied. See generally Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal only in "exceptional circumstances").

4