**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1550
_____

EDITH FARINA; EMILIO FARINA,
Appellants

v.

THE BANK OF NEW YORK, as trustee for the CHL Mortgage Pass-Through
Trust 2007-8; RESIDENTIAL CREDIT SOLUTIONS, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS INC; BANK OF NEW YORK MELLON;
DOES 1-10, inclusive

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:15-cv-03395)
District Judge: Honorable Michael A. Shipp

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 23, 2025
Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: February 20, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Edith and Emilio Farina appeal the District Court's order denying their motion for reconsideration as moot. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history and factual background of the case are well known to the parties, set forth in the District Court's memorandum opinions, and need not be discussed at length. Briefly, Appellee Bank of New York (BONY) filed a foreclosure action against the Farinas in state court. The Farinas then filed a complaint in the District Court against Appellees. The District Court dismissed the complaint, but, on appeal, we remanded the matter for further proceedings. Farina v. Bank of N.Y. as Tr. for CHL Mortg. Pass-Through Tr. 2007-8, No. 15-3679, 2021 WL 4439250, at *3 (3d Cir. Sept. 28, 2021). On remand, the District Court again dismissed the complaint. The Farinas appealed, and we affirmed the District Court's judgment. Farina v. Bank of N.Y. as Tr. for CHL Mortg. Pass-Through Tr. 2007-8, No. 22-3383, 2023 WL 6290749, at *1 (3d Cir. Sept. 27, 2023).

Shortly after filing the second appeal, the Farinas filed a motion in the District Court requesting that the District Judge recuse himself. The District Court concluded that it lacked jurisdiction over the motion while the matter was before us on appeal and denied the motion. It also determined that the Farinas' arguments for recusal were insufficient. The Farinas filed a timely motion for reconsideration. After we affirmed the District Court's dismissal of the Farina's complaint, the District Court closed the case and denied the motion for reconsideration as moot. The Farinas filed a timely notice of

2

appeal, and we have jurisdiction under 28 U.S.C. § 1291.  See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986).

Appellee RCS has moved for summary affirmance of the District Court's order, and Appellees BONY and MERS concur with RCS's motion.  Edith Farina has filed a suggestion of bankruptcy and requests that the appeal be stayed pending the bankruptcy proceedings.

Bankruptcy Stay

Edith Farina argues that this appeal falls within the protection of the automatic stay provision of 11 U.S.C. § 362(a).  That provision, however, provides that a bankruptcy petition will operate as a stay of actions against the debtor or the property of the bankruptcy estate.  The matter before us does not involve an action against Edith Farina or the property of her bankruptcy estate.  The underlying complaint was filed by the Farinas and not against them or their property.  Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982) (noting that "Section 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate").  The request to stay the appeal is denied.

Appellee RCS's Motion for Summary Action

In its motion for summary affirmance, Appellee argues, inter alia, that the District Court did not err in denying the motion for reconsideration as moot.  The Farinas spend much of their brief discussing the allegations of their recusal motion and seeking to relitigate their prior unsuccessful appeal of the District Court's dismissal of their

3

complaint.[1] They do not challenge the District Court's denial of the motion to recuse for lack of jurisdiction. When they briefly mention the denial of the motion for reconsideration as moot towards the end of their brief, they simply argue that the recusal issue was not moot because they plan to file a motion to vacate. No such motion, however, was pending at the time the District Court denied the motion for reconsideration.[2] As the District Court proceedings were finished, the District Court did not err in denying the motion for reconsideration as moot. See Chafin v. Chafin, 568 U.S. 165, 172 (2013) (explaining that a matter is moot when the court cannot grant the litigant any effectual relief). In any event, we agree with the District Court that the Farinas' allegations were insufficient to require recusal.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we grant Appellee RCS's motion for summary action and will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Appellee RCS's request that we deem the motion for summary action as unopposed is denied as moot. Appellant's motion for judicial notice is denied.

---

[1] The Farinas filed the motion to recuse a few weeks after filing the second appeal. Instead of raising the issue of the District Judge's alleged conflicts during that appeal, the Farinas explicitly stated that they did not seek to litigate that issue. See Brief at 20 n.3 in C.A. No. 22-3383 (stating that "[w]e are not attempting to litigate it here, we simply mention it so the court can take Judicial Notice of that fact"). The Farinas' post-judgment motion to recuse is not an appropriate vehicle for relitigating the District Court's dismissal of their complaint.

[2] We warn the Farinas that repetitive and vexatious litigation may result in financial sanctions and filing limitations.