**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1119
_____

ANTOINE POTEAT,
                                             Appellant
v.

GERALD LYDON, Individually and Official Capacity of Pennsylvania State Police;
CHAD LABOUR, Individually and Official Capacity of Pennsylvania State Police;
NICHOLAS GOLDSMITH, Individually and Official Capacity of Pennsylvania State
Police; JUSTIN JULIUS, Individually and Official Capacity of Pennsylvania State
Police; GREGORY EMERY, Individually and Official Capacity of Pennsylvania State
Police; BRIAN KONOPKA, Individually and Official Capacity of Pennsylvania State
Police; PENNSYLVANIA STATE POLICE, Individually and Official Capacity of
Pennsylvania State Police; HEATHER GALLAGHER, Individually and Official
Capacity of Lehigh County District Attorney's Office; BETHANY ZAMPOGNA,
Individually and Official Capacity of Lehigh County District Attorney's Office; JOSEPH
STAUFFER, Individually and Official Capacity of Lehigh County District Attorney's
Office; JAMES MARTIN, Individually and Official Capacity of Lehigh County District
Attorney's Office; JARED HANNA, Individually and Official Capacity of Lehigh
County District Attorney's Office; EDWARD RESSLER, Individually and Official
Capacity of Lehigh County District Attorney's Office; LEHIGH COUNTY DISTRICT
ATTORNEY'S OFFICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5:21-cv-03117)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2026
Before:   MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 1, 2026)

_____

PER CURIAM

In 2021, pro se appellant Antoine Poteat initiated a federal civil action in the District Court bringing constitutional and tort claims. His claims were dismissed, and this Court affirmed the dismissal in 2023. *See Poteat v. Lydon*, No. 22-2114, 2023 WL 6620368, at *3 (3d Cir. Oct. 11, 2023). A year later, in October 2024, Poteat filed two motions for relief under Federal Rule of Civil Procedure 60(b) in the District Court, seeking reinstatement of his case and relief on his claims. Soon after, Poteat filed an amended Rule 60(b) motion, incorporating the arguments from his other motions. On December 16, 2024, the District Court dismissed Poteat's first two motions as moot, noting that he had filed an amended Rule 60(b) motion.

Poteat timely appealed.[1] However, we discern no error in the District Court's dismissal of Poteat's first two Rule 60(b) motions as moot after he filed a third amended Rule 60(b) motion that incorporated the arguments in his prior motions.[2] *See Budget*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court granted Poteat's motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), deeming his notice of appeal to be timely filed.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, as the District Court's order completely disposed of Poteat's first two post-judgment Rule 60(b) motions by dismissing them as moot, and that is the entire scope of this appeal. *See Isidor*

*Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (reviewing disposition of Rule 60(b) motions for abuse of discretion); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control . . . are committed to the sound discretion of the district court."). Accordingly, we will affirm the District Court's December 16, 2024 order.[3]

---

*Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993) (explaining the appealability of post-judgment rulings); *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) ("[M]ost post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter.") (internal quotation marks and citation omitted).

[3] We grant Poteat's motion for leave to file two reply briefs and to exceed the word count in those filings and deny his remaining motions.