DLD-103                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3049
_____

ROBERT P. RUSSELL,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1:16-cv-02149)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 30, 2020

Before:   RESTREPO, PORTER and NYGAARD, Circuit Judges

(Opinion filed: February 5, 2020)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Robert Russell appeals from the District Court's denial of his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons that follow, we will summarily affirm the District Court's judgment.

In 1991, Russell was convicted in the United States District Court for the Eastern District of Virginia of first-degree murder.  He was sentenced to a term of life imprisonment, and his direct appeal was unsuccessful.  Russell has since filed dozens of motions, petitions, and civil actions in numerous courts seeking relief from his conviction.  See Russell v. Warden Allenwood USP, 767 F. App'x 223, 223 (3d Cir. 2019) (per curiam).  As relevant here, in 2016, Russell filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, claiming to rely on newly discovered evidence of his innocence.  After the District Court dismissed his petition for lack of jurisdiction, we summarily affirmed the District Court's judgment.  See id.  Russell then filed a Rule 60(b) motion continuing to assert his innocence, and when the District Court denied it, he timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because Russell appeals a final post judgment order.[1]  See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam).  We review the denial of Russell's Rule 60(b) motion for abuse of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  See Murray v.

---

[1] Russell did not need to obtain a certificate of appealability to bring an appeal in the context of his § 2241 proceedings.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

2

Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not abuse its discretion in denying Russell's motion, which was not based on any proper ground for relief under Rule 60(b).  See Fed. R. Civ. P. 60(b) (setting forth grounds for relief from a final judgment).  Rather, Russell's motion relied on arguments that he either already made or could have made in the District Court and in his recent appeal.  We previously affirmed the District Court's dismissal of Russell's petition for lack of jurisdiction, and Russell has provided no reason to disturb that conclusion.  Accordingly, we will summarily affirm the District Court's judgment.[2]

---

[2]  Additionally, we deny Russell's motion for summary reversal.