**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1178
_____

JOHN E. REARDON,
                                        Appellant

v.

STATE OF NEW JERSEY; JUDGE FREEMAN, of Camden County; JUDGE
PUGLIESE, of Camden County; JUDGE HAYDEN, of the State Appellate Court;
JUDGE PAYNE, of the State Appellate Court; JUDGE SHARAFI, of the State Appellate
Court; U.S. GOVERNMENT

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-05363)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2020
Before:  AMBRO, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed:  August 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John Reardon appeals an order denying post-judgment motions that he filed years after the dismissal of his complaint. For the following reasons, we will affirm in part and will dismiss the appeal in part for lack of appellate jurisdiction.

On September 9, 2013, Reardon filed suit against the State of New Jersey, several state court judges (collectively "State Defendants"), and the U.S. Government. Reardon sought to challenge as unconstitutional a 1992 state criminal conviction and the subsequent denial of his post-conviction relief.

After various amendments to the complaint, the District Court granted the State Defendants' motion to dismiss on June 27, 2014. The District Court determined that Reardon's claims were barred by the doctrines of sovereign and judicial immunity, as well as the Rooker-Feldman[1] and Heck[2] doctrines. The Court also denied Reardon's request to file another amended complaint, finding that it would be futile. On July 7, 2014, Reardon timely filed a motion for reconsideration, which was ultimately denied on January 7, 2015. Reardon did not appeal, electing instead to file various requests for further relief in the District Court. The case was re-opened briefly on July 2, 2015, so that the District Court could deny the various requests, and then the case was marked terminated.

Nearly four years later, on June 4, 2019, Reardon filed a motion "to set aside

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] Heck v. Humphrey, 512 U.S. 477 (1994).

2

dismissal and for leave to Amend." Dkt. #42. Subsequently, Reardon submitted a flurry of twenty-four additional filings, which included a motion "for an order of compliance." Dkt. #53. Within a single order entered January 2, 2020, the District Court re-opened the case, denied both motions, and ordered the case terminated once again.[3] Reardon filed a notice of appeal on January 24, 2020.

Initially, we must note the scope of our jurisdiction. On appeal, Reardon seeks to revisit the District Court's June 27, 2014 opinion, which granted the State Defendants' motion to dismiss, and the District Court's subsequent denials of his post-judgment motions on January 7 and July 2, 2015. We lack appellate jurisdiction to do so. Reardon's notice of appeal was filed January 24, 2020, which is well outside the time that would allow us to review any of those decisions by the District Court—even when considering any tolling of the time to appeal by Reardon's post-judgment motions. See Fed. R. App. P. 4(a)(1)(B)(i) (providing for a 60-day appeal period when the United States is a party); Fed. R. App. P. 4(a)(4)(A) (noting if a party timely files a motion for reconsideration under Rule 59(e) in the district court, the time to file an appeal runs from the entry of the order disposing of that motion). However, we have jurisdiction under 28 U.S.C. § 1291 to consider the District Court's order denying Reardon's motion "to set

---

[3] Treating the motion to "set aside dismissal for leave to Amend" as another motion for reconsideration, the District Court pointed to its previous January 7, 2015 opinion and order, and noted that Reardon's motion was essentially a repeat of his previous motions. The District Court denied the motion "for an order of compliance" because it contained discovery-related requests, and the court did not have any pending litigation over which it had jurisdiction.

3

aside dismissal and for leave to Amend" and his motion "for an order of compliance."

See Fed. R. App. 4(a)(1); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012) (stating that this Court has "jurisdiction to review a timely appealed order disposing of an untimely motion for reconsideration"); Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam).

Reardon's motion "to set aside dismissal and for leave to Amend" is, as best as we can tell, a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and/or for relief pursuant to Rule 60(b).[4] We review denials of such motions for an abuse of discretion. Long, 670 F.3d at 446 (stating that "our review of the order denying reconsideration is subject to a more deferential and circumscribed standard of review than would apply if we also were to have jurisdiction to consider the underlying dismissal order"); Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (Rule 60(b) standard). Likewise, we review the denial of Reardon's motion "for an order of compliance"—which seeks relief on discovery-related matters—for an abuse of discretion. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir. 2000). "To demonstrate an abuse of discretion, [Reardon] must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." Hart v.

---

[4] The District Court treated the filing as a motion for reconsideration under Rule 59(e). However, the motion does ask the court to re-open the complaint because of "fraud upon the court." See Fed. R. Civ. P. 60(b)(3); see also Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (noting an appellate court is free to recharacterize a motion to match the substance of the relief sought). Regardless of how we characterize Reardon's motion, our conclusion is the same.

4

Elec. Arts, Inc., 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted).

Here, the District Court did not abuse its discretion in denying either motion. First, Reardon's motion pursuant to Rule 59(e) and/or Rule 60(b) was filed far past the time allowed for such a post-judgment motion. See Fed. R. Civ. P. 59(e); 60(c). Second, as noted by the District Court, Reardon's motion was essentially a repeat of his prior motions, and thus was an improper attempt to relitigate matters the District Court had already previously determined. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (noting "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (internal quotation marks omitted)). Quite simply, Reardon failed to present to the District Court any of the grounds that would allow a judgment to be altered, amended, or set aside. See Fed. R. Civ. P. 60(b)(1)–(6); United States ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 848–49 (3d Cir. 2014) (noting a judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice" (internal quotation marks omitted)). Likewise, the District Court did not abuse its discretion in denying Reardon's motion "for an order of compliance," as the case was marked terminated on July 2, 2015, and thus the

5

court had no pending action before it when Reardon sought his relief four years later.

Consequently, for the foregoing reasons, we will affirm the judgment of the District Court entered January 2, 2020.  In all other respects, we will dismiss the appeal for lack of appellate jurisdiction.