DLD-131                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1695
_____

ASSEM A. ABULKHAIR,
                                        Appellant

v.

THE FEDERAL BUREAU OF INVESTIGATION; ROBERT S. MUELLER, III, Former
Director, in His Official Capacity; JAMES B. COMEY, JR., Current Director, in His
Official Capacity; AARON T. FORD, Special Agent in Charge of the FBI's Newark
Division, in His Official Capacity; ALL ASSISTANT AGENTS IN CHARGE, in Their
Official Capacities; ALL FBI SUPERVISORS, OFFICERS, EMPLOYEES, AGENTS,
in Their Official Capacities; ALL FBI INFORMERS AND INFORMANTS, in Their
Official Capacities; ALL FICTITIOUS PERSONS JOHN DOES ONE THROUGH
TWENTY, in Their Official Capacities as FBI Employees;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-05677)
District Judge:  Honorable Esther Salas

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 25, 2021

Before: JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 23, 2021)

_____

OPINION[*]

_____

PER CURIAM

Appellant Assem Abulkhair, proceeding pro se and in forma pauperis, appeals from the District Court's denial of his post-judgment motion. The defendants have filed a motion for summary affirmance. For the reasons discussed below, we grant the defendants' motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d. Cir. I.O.P. 10.6.

Abulkhair initiated this pro se civil rights action in 2014, and, in 2016, filed an amended complaint in the District Court, raising 23 causes of action against the United States of America, the Federal Bureau of Investigation ("FBI"), the former and current directors of the FBI, the Special-Agent-in-Charge of the FBI's Newark Field Office, and "all" of the FBI's "Assistant Agents In Charge," "Supervisors," "Officers," "Employees," "Agents," "Informers," and "Informants." The pleading revolved around Abulkhair's allegation that, since the terrorist attacks of September 11, 2001, the defendants have conspired with one another to spy on him "day and night" because he is a Muslim and of Middle Eastern descent.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The District Court granted the defendants' motion to dismiss, dismissing the action on a number of grounds, including sovereign immunity, failure to exhaust administrative remedies for claims under the Federal Tort Claims Act, defective service of process, and failure to state a claim. The District Court granted Abulkhair leave to amend, but instead he filed a notice of appeal and a motion to recuse, which was denied in light of the pending appeal. We summarily affirmed both the order of dismissal and the order denying the motion to recuse. See Abulkhair v. FBI, 739 F. App'x 82 (3d Cir. 2018) (per curiam).

Well over a year later, in March 2020, Abulkhair filed an "emergency application" requesting that the defendants be compelled to cease and desist hostility towards him and assassination attempts against him. He alleged that his home was being "electronically" attacked in a way that affected his and his family's "muscles, nerve symptom, immune and breathing system"; that his neighbors, working in concert with the defendants, would pass by his door and release an invisible chemical substance; that his family was followed by 50,000 unmarked and undercover vehicles the moment they left their home; and that every day more than 5,000 people attempted to harm his family in various ways, including delaying their buses, releasing toxic fumes, and releasing waves of wifi from cellphones to target them. He also requested appointed counsel. The District Court denied the motion, noting that its order dismissing the complaint had already been summarily affirmed; that much of the conduct Abulkhair described was not attributed to

3

the named defendants; and that Abulkhair had failed to comply with the requirements of any of the applicable Federal or Local rules governing emergency motions.

We have jurisdiction under 28 U.S.C. § 1291; see also Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We review for abuse of discretion the denial of requests for the appointment of counsel, post-judgment motions to amend a complaint, and most other post-judgment motions. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011); Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); see also Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

To the extent that Abulkhair sought to amend his complaint, he was required to move the District Court to reopen his case pursuant to Federal Rule of Civil Procedure Rule 60(b).[1] See Ahmed, 297 F.3d at 208-09. We liberally construe Abulkhair's filing as including motions to reopen and amend, consider them together, see id. at 209, and conclude that the District Court did not abuse its discretion in denying relief. When the proposed amended pleading fails to cure the defects that resulted in judgment being

---

[1] To the extent that Abulkhair wishes to bring new claims against the named defendants or other individuals, he should file a new action and, if he wishes to seek emergency relief therein, he must comply with the applicable Federal and Local rules for requesting such relief, as explained by the District Court.

entered against the movant, the District Court does not abuse its discretion in denying both requests.  See id.  Such is the case here, where, rather than addressing the flaws in the underlying complaint, Abulkhair's filing makes new allegations which are directed against individuals in addition to the named defendants and would likely not survive screening pursuant to 28 U.S.C. § 1915(e)(2)(B) or a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Accordingly, we will summarily affirm the District Court's judgment.