**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3128
_____

FRANCIENNA GRANT,
Appellant

v.

MICHAEL ELIAS; STATE; STEPHEN MILLS, also known as
STEVEN MILLS; MUNICIPAL COURT CAPE MAY COUNTY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-12065)
District Judge:  Honorable Renée M. Bumb
_____

No. 22-3141
_____

FRANCIENNA GRANT,
Appellant

v.

WILLIAM HUNTLEY PANICO; WILLIAM H. PANICO D.M.D.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-20535)
District Judge:  Honorable Renée M. Bumb

_____

No. 22-3142
_____

FRANCIENNA GRANT,
Appellant

v.

DANILO G. YBANEZ; DANILO G. YBANEZ D.M.D.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-21201)
District Judge: Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2023
Before: HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: October 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Francienna Grant appeals from orders of the United States District

Court for the District of New Jersey denying her motions for reconsideration, relief under

Federal Rule of Civil Procedure 60, recusal, and an emergency stay. For the following

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reasons, we will dismiss the appeals in part for lack of jurisdiction, and to the extent that we do have jurisdiction, we will affirm the District Court's orders.

I.

These related appeals stem from three separate pro se actions that Grant initiated in the District Court. Each action related to lawsuits she had filed and litigated in the New Jersey State courts. Upon the defendants' motions to dismiss and its own orders to show cause, the District Court dismissed all three complaints with prejudice in a single opinion and accompanying order filed on each docket on May 15, 2020. The District Court determined that it lacked jurisdiction over the cases because Grant sought to appeal from the decisions of state courts.

On June 8, 2020, Grant filed a motion for reconsideration in each case.[1] The following month, she filed a motion for entry of default. The District Court denied both motions as to all cases in an order and opinion filed on September 8, 2020. The District Court also ordered that Grant was precluded from filing further motions in any of the cases without permission from the court. On October 2, 2020, Grant filed a letter requesting permission to file a motion pursuant to Rule of Civil Procedure 60. After receiving no response from the court, Grant filed a Rule 60 motion on September 9, 2021. The District Court administratively terminated the Rule 60 motion on January 28, 2022, noting that it appeared to reiterate matters already resolved by the court, and that Grant did not obtain permission to file the motion. Grant subsequently filed a motion to recuse

_____

[1] After the District Court disposed of the complaints in one opinion and order, all but one of Grant's subsequent filings were cross-filed in all three cases.

the District Judge and, in D.N.J. Civ. No. 19-cv-12065 only, a motion to stay related proceedings in state court. The District Court denied those motions in an order entered on October 20, 2022.

On November 7, 2022, Grant filed a notice of appeal, specifying the District Court's January 2022 order administratively terminating her Rule 60 motion and its October 2022 order denying her motion for recusal and for an emergency stay.[2] Grant amended her notice of appeal on November 17, 2022, to also specify the District Court's September 2020 order denying her motions for reconsideration and default and imposing the filing restriction.

II.

We will dismiss this consolidated appeal in part for lack of appellate jurisdiction. The taking of an appeal within the prescribed time is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007). Grant had thirty days from the District Court's entry of its September 8, 2020, order in which to timely file a notice of appeal, or until Thursday, October 8, 2020. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Her November 9, 2022, notice of appeal was accordingly not timely filed as to that order. The same is true with respect to any earlier order that Grant may seek to challenge in her briefs, as well as the District Court's later administrative termination of Grant's Rule 60(b) motion, which was entered on January 28, 2022, several months prior to the filing of Grant's notice of appeal. Accordingly, we lack jurisdiction over this appeal in part.

---

[2] Her notice of appeal, like the earlier motions, was filed in all three cases. The three appeals docketed here have been consolidated for disposition.

However, we exercise jurisdiction over the District Court's order denying Grant's motion for recusal and emergency stay, as her notice of appeal was filed within thirty days of the entry of that October 20, 2022, order. See 28 U.S.C. § 1291; Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We review both denials for abuse of discretion. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (regarding motions for recusal); In re Prudential Ins. Co. of America Sales Practice Litig., 261 F.3d 355, 363 (3d Cir. 2001) (regarding the denial of injunctive relief).

### III.

We cannot say that the District Court abused its discretion here. First, with respect to Grant's motion for recusal, she has not specified whether she was relying on 28 U.S.C. § 144 or 28 U.S.C. § 455, so we will address both statutes. Under § 144, recusal is warranted where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." The affidavit "shall be filed less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Id. Here, Grant did not file her motion for recusal until August 2022, several years after she commenced her actions in the District Court, and she has not shown good cause to excuse the delay. Her motion was accordingly not timely filed pursuant to 28 U.S.C. § 144. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Further, construing her motion as an affidavit for § 144 purposes, it is not "sufficient" because it contains only a conclusory assertion

5

that the District Judge was biased against her.  See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (explaining that conclusory statements and opinions need not be credited).  Similarly, Grant's motion does not contain facts suggesting that the District Judge's "impartiality might reasonably be questioned," as is required under § 455.  See 28 U.S.C. § 455(a).  We accordingly conclude that, regardless of the statutory basis for the request, the District Court did not abuse its discretion in denying Grant's motion for recusal.

To the extent that Grant appeals from the District Court's denial of her motion to stay state court proceedings, we conclude that the District Court did not abuse its discretion.  Federal courts are generally prohibited from granting injunctions to stay state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283, and Grant provides no basis for her motion, nor are there any circumstances evident in the record which would warrant an exception to the Anti-Injunction Act.  See In re Prudential, 261 F.3d at 364.

For the above reasons, we will affirm the District Court's order denying Grant's motion for recusal and her motion for an emergency stay and otherwise dismiss this consolidated appeal for lack of jurisdiction.  Grant's motion to vacate this Court's order granting the Appellees leave to file a supplemental appendix and her motions for rulings against Appellees for failure to prosecute pursuant to 3d Cir. L.A.R. Misc. 107.2 are denied.