**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1172
_____

URVE MAGGITTI,
                    Appellant

v.

MICHAEL PULLANO; JOSEPH F. KAMPHERSTEIN, III;
CLAIRE REEVES; DEB RYAN; DANIEL E. ROLAND;
WILLIAM JUDGE; FREDDA L. MADDOX
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-05141)
District Judge: Kelley B. Hodge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: March 11, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Urve Maggitti, proceeding pro se, appeals from the District Court's order dismissing her complaint in one action and ruling on post-judgment motions in others. We will affirm the judgment of the District Court.

In December 2023, Maggitti filed her complaint, docketed at E.D. Pa. Civ. No. 2:23-cv-05141, against the defendants in this matter. Maggitti's complaint primarily raised claims that her civil rights were violated in state civil and criminal matters that arose from her divorce proceedings. The District Court consolidated this case with many other cases Maggitti has filed in the District Court that also stemmed from those proceedings. The consolidation order directed Maggitti to file all documents on the docket for the lead case of the consolidated cases.

Defendants filed a motion to dismiss this case (E.D. Pa. Civ. No. 2:23-cv-05141) in January 2024. Maggitti responded with a voluminous motion to strike. In September 2024, the District Court denied Maggitti's motion, explaining that it was not responsive to the motion to dismiss, and granted Maggitti 14 days to file a response.[1] In October 2024, Maggitti filed an "omnibus" motion that primarily raised issues related to service of process in the consolidated cases. On January 13, 2025, Maggitti filed a motion seeking recusal of the District Judge. She filed essentially the same omnibus and recusal motions on the dockets for the other consolidated cases she was litigating.

---

[1] Maggitti previously filed appeals from this order and other orders in this case, which we dismissed for lack of appellate jurisdiction. *See* C.A. Nos. 24-2555, 24-2736, 24-2765.

On January 16, 2025, the District Court entered an order which, among other things in the consolidated cases, granted the defendants' motion to dismiss this case (E.D. Pa. Civ. No. 2:23-cv-05141) and dismissed the complaint with prejudice. The District Court explained that the motion was granted as uncontested and that, in any event, the complaint failed to state a claim. The District Court also denied Maggitti's omnibus motions and her motions for recusal. On January 24, 2025, Maggitti filed a notice of appeal from the January 16, 2025 order.

We have jurisdiction under 28 U.S.C. § 1291. *See Hall v. Hall*, 584 U.S. 59, 78–79 (2018); *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 678 (3d Cir. 1986).[2] Maggitti has forfeited any challenge to the District Court's order dismissing her complaint in this case by failing to develop any argument challenging that dismissal in her brief. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (stating that litigants forfeit claims that they fail to develop in an opening brief).

Maggitti's brief is primarily concerned with the District Court's consolidation order. We review the District Court's order regarding the consolidation of this case with others for abuse of discretion. *See Lehman Bros. Holdings v. Gateway Funding*

---

[2] We lack jurisdiction, in this appeal, to review the District Court's dismissals with prejudice in the other cases that Maggitti has identified in her brief, E.D. Pa. Civ. Nos. 2:23-cv-01184 and 2:23-cv-03185. Because those dismissals were entered in December 2023, the January 2025 notice of appeal here is untimely as to those dismissal orders. *See* Fed. R. App. P. 4(a)(1)(A); *Bowles v. Russell*, 551 U.S. 205, 209–14 (2007). We note that it appears Maggitti filed notices of appeal in December 2023 from those orders, and that those appeals are docketed in this Court at C.A. Nos. 23-3274 and 23-3276.

*Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 100 (3d Cir. 2015). Maggitti argues that, among other things, the consolidation violated her due process rights and limited her access to the courts. But as the District Court explained in its consolidation order, under Federal Rule of Civil Procedure 42(a), the District Court has discretion to consolidate actions involving "a common question of law or fact." The District Court's order further explained that Maggitti's complaint in this case arose from state civil and criminal matters connected with her divorce proceedings, as did the complaints in the other cases that were consolidated with this case. The fact that Maggitti had filed many similar motions in this case and the others reinforced the District Court's conclusion that they presented common issues of law and fact. Thus, the District Court acted well within its discretion in consolidating this action with the others, and Maggitti's rights to pursue her claims in this case were not undermined by the consolidation.

We discern no abuse of discretion in the District Judge's decision to not recuse herself in this case. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Maggitti's arguments for bias were essentially based upon her disagreement with the District Court's rulings, which does not provide a basis for recusal. *See id.* (explaining that a "a party's displeasure with legal rulings does not form an adequate basis for recusal"). For essentially the same reasons, to the extent that Maggitti challenges the District Court's post-judgment orders denying recusal and related relief in the consolidated cases that have been dismissed with prejudice (E.D. Pa. Civ. Nos. 2:23-cv-01184 and 2:23-cv-03185), we discern no abuse of discretion.

4

Maggitti also challenges the District Court's process for denying her omnibus and recusal motions, arguing that it constituted a filing injunction. But we construe the District Court's order here as denying, on the merits, Maggitti's motions filed on the docket for the lead case. In light of that denial, the District Court denied the essentially duplicative motions filed on the other dockets as moot, and redirected Maggitti to file all documents in the consolidated cases on the docket for the lead case. Under the circumstances, we do not construe this as a filing injunction, and the District Court did not have to comply with the requirements for imposing a filing injunction. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).[3] Rather, the District Court's order related to docket management. The District Court has broad discretion in managing its docket, and the District Court did not abuse that discretion here. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.") (quotation marks and citation omitted).

Accordingly, to the extent that we lack jurisdiction over this appeal, we will dismiss it. Otherwise, to the extent that we have jurisdiction and in accordance with our opinion, we will affirm the judgment of the District Court.

---

[3] The fact that the District Court has given Maggitti notice of its intent to impose a filing injunction on the lead docket (and the matter is being actively litigated) further indicates that a filing injunction has not yet been imposed in any of her consolidated cases.